In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00215-CR


______________________________




FINLEY RAYDELL BROWN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 022449-B




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 Finley Raydell Brown appeals from the punishment assessed by the trial court after Brown
pled guilty to possession of a controlled substance with intent to deliver. His sentence was enhanced
with two prior felonies, and Brown was originally sentenced on June 19, 1995, to thirty years'
imprisonment. Brown's subsequent habeas corpus application, asserting the thirty-year sentence was
excessive, was ultimately granted by the Texas Court of Criminal Appeals, which ruled that under
the circumstances any sentence ordered for Brown exceeding twenty years was excessive. His case
was remanded to the trial court for "assessment of an authorized punishment." 

 At the resentencing hearing, the trial court granted the State's motion that judicial notice be
taken of the evidence admitted in the first sentencing hearing. Brown's sole objection at the hearing
was that the prior felony conviction was void and, therefore, the prior conviction would not support
enhancement of the sentence for the current charge and the trial court was thus limited to a maximum
sentence of two years. The trial court sentenced Brown to twenty years' imprisonment.

 Brown appeals, asserting two points of error: (1) that the evidence supporting punishment
was insufficient to impose a sentence greater than two years, and (2) that the trial court was
disqualified from using as an enhancement the 1976 conviction obtained by Judge Alvin Khoury
when he was prosecutor. We affirm.

Sufficiency of the Evidence

 Brown first contends the evidence was insufficient to support any sentence greater than two
years and, therefore, the sentence of twenty years was error. Under this point of error, Brown argues
that (1) the State failed to adduce any evidence of prior convictions at the hearing, violating Tex.
Code Crim. Proc. Ann. art. 37.07 (Vernon 1981 & Supp. 2003); (2) the evidence was insufficient
under Tex. Const. art. 1, § 19 and Tex. Code Crim. Proc. Ann. art. 1.04 (Vernon 1977); and (3)
Brown's 1976 conviction used for enhancement is void because the conviction of a codefendant in
that 1976 case was overturned.

 In determining the more rigorous standard of factual sufficiency, we examine the evidence
in a neutral light and set aside the judgment only if it is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996). We review the evidence weighed by the fact-finder that tends to prove the existence
of the elemental fact in dispute and compare it with the evidence that tends to disprove that fact. 
Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). "In conducting its factual sufficiency
review, an appellate court reviews the factfinder's weighing of the evidence and is authorized to
disagree with the factfinder's determination." Clewis, 922 S.W.2d at 133. Our review, however,
must employ appropriate deference to prevent us from substituting our judgment for that of the fact-finder, and our evaluation should not substantially intrude on the fact-finder's role as the sole judge
of the weight and credibility given to witness testimony. Jones, 944 S.W.2d at 648.

 Brown argues that, at the new hearing on punishment, there was no evidence of the prior
convictions, essentially because judicial notice was improper in light of Tex. Code Crim. Proc.
Ann. art. 37.07. Brown reasons that the 1995 hearings on guilt/innocence and punishment were
compressed into one hearing, short-cutting the procedure set out in Article 37.07, and that therefore,
on remand for resentencing, the State was required to re-offer each prior conviction used for
enhancement and prove them with new evidence. Brown makes no argument from any language of
Article 37.07 and points out no legal authority supporting his claim. We see no support for this
claim in either place.

 A trial court must take judicial notice of adjudicative facts that are "capable of accurate and
ready determination by resort to sources whose accuracy cannot reasonably be questioned" when
"requested by a party and supplied with the necessary information." Tex. R. Evid. 201(b), (d). There
is nothing suggesting that the proof adduced at the first punishment hearing was flawed or not
capable of being used in the second punishment hearing in the same case. Nothing in Article 37.07
rejects the validity of judicially noticed evidence. (1)

 Brown failed to object to the trial court taking judicial notice of the evidence (2) from the prior
sentencing hearing. He cannot be heard to make such objection, now, for the first time on appeal. 
See Rezac v. State, 782 S.W.2d 869, 871 (Tex. Crim. App. 1990); Revell v. State, 885 S.W.2d 206,
211 (Tex. App.-Dallas 1994, pet. ref'd).

 Brown also claims the evidence was insufficient as denying "due course of law" under Tex.
Const. art. 1, § 19 or Tex. Code Crim. Proc. Ann. art. 1.04, and refers us to Jackson v. Virginia,
443 U.S. 307 (1979), and In re Winship, 397 U.S. 358 (1970). Brown fails to point out, however,
just why he contends the evidence is insufficient to afford him "due course of law." We see no
reason why it is not sufficient to do that. Additionally, Brown has failed to raise this issue on appeal.

 Texas Rule of Appellate Procedure 38.1(h) provides that the "brief must contain a
clear and concise argument for the contentions made, with appropriate citations to
authorities and to the record." Tex. R. App. P. 38.1(h). Conclusory arguments which
cite no authority present nothing for our review. See Vuong v. State, 830 S.W.2d
929, 940 (Tex. Crim. App. 1992); Atkins v. State, 919 S.W.2d 770, 774 (Tex.
App.-Houston [14th Dist.] 1996, no pet.). . . . Appellant's briefing on this issue falls
short of the minimum required to present an issue for appellate review. Because
Appellant failed to adequately brief the court on his due process and due course of
law arguments, he waived error. See Greer v. State, 999 S.W.2d 484, 488 n.3 (Tex.
App.-Houston [14th Dist.] 1999, pet. filed). Accordingly, we conclude that
Appellant's due process and due course of law contentions present nothing for
review.

King v. State, 17 S.W.3d 7, 23 (Tex. App.-Houston [14th Dist.] 2000, pet. ref'd) (supplemental op.
on reh'g).

 Next, Brown asserts the issue he raised at the resentencing hearing: that his 1976 conviction
used for enhancement is void because the conviction of a codefendant in that case was overturned. 
In making that assertion, Brown fails to note that, while the codefendant's conviction was overturned,
Brown's conviction was not, but in fact is a final conviction. Brown testified at the resentencing
hearing that his prior conviction was never reversed. We cannot conclude the prior conviction was
improperly used for enhancement purposes in this cause.

Disqualification of Trial Judge

 Brown next contends the trial judge who resentenced him was disqualified because he had
served as prosecutor in a prior case used in this case for enhancement. Brown asserts that Ex parte
McDonald, 469 S.W.2d 173 (Tex. Crim. App. 1971), is on "all fours" with this case and makes the
prior case void and not useable for enhancement.

 The McDonald case does not stand for that proposition. McDonald had been convicted of
felony theft in 1963, and his sentence had been enhanced by two prior convictions, a 1953 burglary
conviction and a 1961 felony theft conviction. It was shown that the person who actively prosecuted
the 1953 burglary charge (which prosecution occurred while McDonald was indigent and was not
represented by counsel), later became a judge and revoked McDonald's probation, which had been
ordered as a result of that 1953 burglary conviction. The Texas Court of Criminal Appeals ruled that
Tex. Const. art. V, § 11 ("no judge shall sit in any case wherein . . . he shall have been counsel in
the case") and Tex. Code Crim. Proc. Ann. art. 30.01 (Vernon Supp. 2003) ("no judge shall sit in
any case . . . where he has been of counsel for the State or the accused") were mandatory and
rendered the prior conviction unavailable for enhancement. McDonald, 469 S.W.2d at 174. 
McDonald is distinguishable from the case before us.

 The trial judge in this case (case number 22,449-B out of the 124th Judicial District Court
of Gregg County, Texas) did not also act as counsel in this case at any time. Nor does it appear from
the record before us that he served as both counsel and as judge in either of the cases used for
enhancement purposes (case number 10,805-B out of the 124th Judicial District Court of Gregg
County, Texas, and case number 13,564 out of the 123rd Judicial District Court of Panola County,
Texas). The record reflects only that he served as prosecutor in one of them, 10,805-B. That at the
very least does not establish a disqualification under Tex. Const. art. V, § 11 or Tex. Code Crim.
Proc. Ann. art. 30.01 that would render a prior conviction useless for enhancement purposes under
McDonald. There is no disqualification under these circumstances. Griffin v. State, 487 S.W.2d 81
(Tex. Crim. App. 1972); Hathorne v. State, 459 S.W.2d 826 (Tex. Crim. App. 1970); Madden v.
State, 911 S.W.2d 236, 240-41 (Tex. App.-Waco 1995, pet. ref'd); Nevarez v. State, 832 S.W.2d 82,
88 (Tex. App.-Waco 1992, pet. ref'd).

 Lastly, appellant contends the judge was disqualified since he was the prosecutor in
appellant's prior 1962 conviction for unlawfully breaking and entering a motor
vehicle, which conviction was introduced as part of appellant's "prior criminal
record" at the penalty stage of the trial. . . . Even if it can be argued that [the
evidence] is sufficient to show that the judge was, in fact, the actual prosecutor in the
earlier conviction, Hathorne v. State . . . has been decided contrary to appellant's
contention, overruling or qualifying all of the authorities relied upon.


Griffin, 487 S.W.2d at 82-83. We overrule Brown's second point of error.

 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: May 12, 2003

Date Decided: June 4, 2003


Publish
1. We also note the Texas Court of Criminal Appeals returned the case to the trial court for
"assessment of an authorized punishment," not necessarily a new hearing on punishment.
2. Brown did object to the use of the prior conviction on the basis that his codefendant's
conviction had been overturned. We deal with that assertion elsewhere.



xception Locked="false" Priority="64" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Shading 2 Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00102-CR

                                                ______________________________

 

 

                               GERALD MILLARD MARSH,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 124th
Judicial District Court

                                                             Gregg County, Texas

                                                          Trial Court
No. 37597-B

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                          Opinion by Justice Carter








                                                                   O P I N I O N

 

            Gerald
Millard Marsh appeals his conviction for aggravated assault with a deadly
weapon, sentence of fifteen years imprisonment, and fine of $10,000.00 on the
sole ground that the trial court erred in denying Marsh the right to utilize
Marcus Smiths juvenile record to establish a theory of self-defense.  We affirm the trial courts judgment. 

            The
following facts are not in dispute. 
Marcus Smiths sister Felicia Smith stayed with Marsh in his home.  During the night, Marcus and his friend Keith
Bates paid a visit to Felicia to [s]ee if she wanted to come drink with
us.  Marsh answered the knocking at the
door and announced that he did not want Marcus in his home and desired that he
leave.  As a result of an altercation,
Felicia, Marcus, and Bates were located on the front yard.  Marcus retrieved a gun from within the home
and fired several shots through the open front door.  Felicia was shot and killed.  

            Marcus
claimed that Marsh answered the door and stated Felicia was asleep.  Marcus and Bates got ready to leave, [and]
started heading back towards the truck when Felicia came out.  She was arguing with Marsh.  Marcus testified, I seen him hit her and
knock her off the porch. . . . I . . . walked towards her.  She was on the ground.  And [Marsh] went inside, [to] get his
gun.  And then when I see him come back,
I got up and ran beside Keith Bates truck and ducked down.  According to Marcus, Marsh appeared
aggressive, [and] mean, and said, he was tired of us, he was going to kill
everybody as he opened fire.  Marcus
testified that he was not carrying a weapon that night.  

            Marsh
testified he was awakened by a beating on the door.  He opened the door to find Marcus and Bates,
who had a can of beer in his hand. 
Thinking this was nothing but trouble, he announced, You-all are not
coming in my house.  According to Marsh,
Marcus started yelling and screaming, grab[bed] the door, knock[ed] him
back, and started swinging at [him] like he was crazy.  Marsh claimed he fought back and hit
[Marcus] right on the right side of his head, but [i]t was just a glancing
blow.  Marsh claimed that when Felicia
witnessed Marcus get hit, [s]he said, You dont hit my brother.  And she hauls off and, bam, hit [Marsh] on
the side of [his] head.  Marsh continued
to describe a brawl in which Marcus and Felicia simultaneously attacked him in
his home.  He managed to get Felicia and
Marcus on the front yard, and ran inside to get his gun.  Marsh claimed, [W]hen I ran back, I saw them
-- they looked like they were arguing over something.  I dont know what it was.  All I remember, I saw a silver -- a little
silver thing . . . and in my panic and shock that I was in, I assumed this was
a small caliber weapon.  After
retrieving the gun, Marsh told them, you know, Get out of my yard, get off my
property, before firing warning shot[s]. 
Marsh claimed, I tried to shoot over their heads, and thats what -- what
I was doing.  

            A
trial courts decision to admit or exclude evidence is reviewed only for abuse
of discretion.  McDonald v. State, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005); Willover v. State, 70 S.W.3d 841, 845
(Tex. Crim. App. 2002).  A trial court
does not abuse its discretion if the decision to admit evidence is within the
zone of reasonable disagreement.  Montgomery v. State, 810 S.W.2d 372, 391
(Tex. Crim. App. 1990) (op. on rehg). 
We may not substitute our own decision for that of the trial court.  Moses
v. State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).  If the trial courts decision on the
admission of evidence is supported by the record, there is no abuse of
discretion, and the trial court will not be reversed.  Osbourn
v. State, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002); Montgomery, 810 S.W.2d at 379. 


            Marsh
was charged with intentionally and knowingly threatening Marcus with imminent
bodily injury by pointing a firearm in the direction of Marcus Smith, and . .
. us[ing] or exhibit[ing] a deadly weapon, to-wit:  a firearm, during the commission of said
assault.  Rule 404(a)(2) of the Texas
Rules of Evidence allows admission of evidence of a pertinent character trait
of the victim of the crime offered by an accused.  Tex. R.
Evid. 404(a)(2).  Rule 405
provides that [i]n cases in which a persons character or character trait is
an essential element of a charge, claim or defense, proof may also be made of
specific instances of that persons conduct. 
Tex. R. Evid. 405(b).  Because Marsh asserted a self-defense claim,
testifying that Marcus assaulted him after he was asked to leave, Marsh wanted
to introduce a juvenile adjudication on Marcus record for attempted capital
murder during his direct testimony.  The
purpose for introduction of the records was to establish that his fear of
Marcus was reasonable. 

            However,
there was no testimony or argument presented that Marsh was, in fact, fearful
of Marcus on the basis of attempted capital murder which occurred over sixteen
years ago.  Nevertheless, Marsh complains
that the trial courts ruling denying the defendant the right to cross examine
Marcus Smith about his juvenile adjudication for attempted capital murder in
light of defendants claim of self-defense was in error.[1]  To support his analysis, Marsh cites to Rule
404.  Yet, in accordance with Rule 404,
the trial court allowed Marsh to testify to Marcus character through opinion
and reputation testimony, but instructed Marsh not to address the juvenile
adjudication and underlying facts of the attempted capital murder.  Our review of Marshs briefing reveals no
complaint addressing Rule 405.  

            Juvenile
adjudications are generally not admissible in criminal cases unless the
evidence is required to be admitted by the Constitutions of the United States
or Texas.  Tex. R. Evid. 609(d). 
Marsh now argues that excluding evidence of Marcus juvenile
adjudication restricted his ability to attack Marcus credibility thereby
denying him his constitutional right of confrontation and
cross-examination.  Davis v. Alaska, 415 U.S. 308 (1974).  But at the trial court, the only basis
presented for admitting Marcus juvenile record was to establish the
reasonableness of Marshs fear of Marcus in support of his claim of
self-defense or his claim that Marcus was the aggressor.  The trial court was never presented with an
argument that Marshs constitutional right of confrontation was violated and,
therefore, it never had an opportunity to rule on that issue.  Failure to present the very complaint that is
made on appeal waives or forfeits the issue. 
Martinez v. State, 91 S.W.3d
331, 336 (Tex. Crim. App. 2002).  In any
event, under an abuse of discretion review, we will uphold the trial courts
ruling on the admission or exclusion of evidence if the ruling was proper under
any legal theory or basis applicable to the case.  See id.
 In instructing Marsh not to testify
about the juvenile adjudication, the trial court stated:

The Court finds that even if that evidence is
probative, the danger of unfair prejudice substantially outweighs any probative
value.  Further, the Court finds that
those specific instances of conduct would be introduced merely just to show
conformity with character and do not go to the issue at hand.

 

Thus, it appears the trial
courts ruling was also based on application of Rule 403.[2]  The court felt that even if the specific
instance of conduct, an attempted capital murder which occurred over sixteen
years ago, had some probative value on the issue of self-defense, the probative
value was substantially outweighed by the danger of unfair prejudice.  Our review of Marshs brief reveals that
there is no challenge to the trial courts Rule 403 ruling.  Failure to challenge this independent ground
for exclusion of the evidence would allow us to uphold the trial courts
ruling.  Dinger v. State, No. 12-06-000190-CR, 2007 WL 2257936, at *2 (Tex.
App.Tyler Aug. 8, 2007, pet. refd) (mem. op., not designated for publication);
Whitehorn v. State, No. 10-02-00263-CR
2004, Tex. App. LEXIS 6373, at *45 (Tex. App.Waco July 14, 2004, pet. refd)
(mem. op., not designated for publication) (Appellant does not address the
States independent Rule 403 objection, and we may overrule his issue for that
reason alone.).[3]


            Rather
than attacking the trial courts ruling that the evidence was barred by Rule
403,  Marsh argues the trial court erred
in excluding the evidence because Marsh sought to demonstrate his right of
self-defense which would demonstrate a reasonable fear of Marcus . . . .  The evidence would have had an effect on a
jury and the violation of Marshs right of cross-examination is a
constitutional error that requires reversal. 
None of these arguments contend that the trial court erred in explicitly
finding that even if the evidence was relevant, it should be excluded because
the danger of unfair prejudice substantially outweighed its probative
value.  Therefore, we overrule Marshs
sole point of error.

            We
affirm the trial courts ruling. 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          May
23, 2011

Date Decided:             June
10, 2011

 

Publish 











[1]Marsh
did not attempt to cross-examine Marcus about his juvenile record as suggested
by the point of error.  Prior to Marcus
examination, Marsh entered into an agreement with the State that he would not
mention the juvenile adjudication.  





[2]Although
relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice . . . .  Tex.
R. Evid. 403.

 





[3]Even
though these unpublished opinions have no precedential value, we believe the
rationale and reasoning employed is sound.