**Larry Wayne GRIFFIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45322.**

Court of Criminal Appeals of Texas.

Nov. 22, 1972.

Kerry P. FitzGerald, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for possession of a dangerous drug, to wit: a barbiturate, where the punishment was

assessed by the jury at confinement in the county jail for one year and at a fine of $1,500.00.

The sufficiency of the evidence is not challenged. In fact, at the penalty stage of the trial, the appellant admitted having 141 capsules of Tuinal in his possession at the time of his arrest.

■ Appellant does contend reversible error occurred when the State elicited from the arresting officer inculpatory statements allegedly made by the appellant after he was placed under arrest, such statements not being admissible as "res gestae."

He calls our attention to the following testimony on re-direct examination of Officer Crosby at the guilt stage of the trial.

"Q Officer, do you recall any statements that the Defendant made to you?

A Yes, sir.

Q Would you repeat those belligerent statements?

A Yes, sir. He stated before he was handcuffed, he said I was a sorry son-of-a-bitch and that I had no right bothering him, or stopping him, because he hadn't done anything wrong, and after he got handcuffed, he said that if he got loose, he would whip our ass and if we would let him out of his handcuffs that—that he would see who came out the better man.

Q Do you recall any other statements he made, threats, statements?

A Yes, sir, he—he stated to me that —that those were his capsules, but I couldn't put it on him, and he—"

To this testimony there was no objection. No error was preserved. Further, while the circumstances under which the statements were made were not as carefully developed as they might have been, we conclude that the statements were admissible as res gestae even if timely objection had been interposed.

■ Next, appellant complains of the prosecutor's jury argument at the penalty stage of the trial after he (the appellant) had testified, as follows:

" . . . Now, he says he just happened to get caught tonight. Well, you can believe that—on the 27th—you can believe that if you want to. Well—he actually—how do you know, he may have been doing this for years. He just happened to get caught that night. You don't know. You can believe everything he said or part of what he said. You heard that on your voir dire examination. It's up to you now to decide. Was this man a dealer? Was this man a pusher? Does this man buy low and sell high? The heck with everything else, just make a profit. . . . "

To this argument, there was no objection and nothing is presented for review. Sutton v. State, 419 S.W.2d 857 (Tex.Cr.App. 1967).

Further, it is observed that earlier, on direct examination, the appellant had testified that he purchased the 141 capsules of Tuinal for $15.00 from a "hippie boy" thinking he was getting 300 capsules; that he planned to resell the capsules as he could use the extra money or profit he intended to make. He denied having sold drugs before or since. He admitted having taken one of the capsules before his arrest.

His counsel then argued that the appellant was "not a drug addict or dope seller or peddler," but only "thought, well, he could make a little profit . . . . "

Thus, it appears that even if there had been a timely objection, the argument would have been proper as a reasonable deduction from the evidence and as invited argument.

■ Lastly, appellant contends the judge was disqualified since he was the prosecutor in appellant's prior 1962 conviction for

unlawfully breaking and entering a motor vehicle, which conviction was introduced as part of appellant's "prior criminal record" at the penalty stage of the trial. See Article 37.07, Vernon's Ann.C.C.P. There was no motion to disqualify and no objection on this ground when the record evidence of the prior conviction was introduced. Appellant does not point out where in the record there is proof to support his claim. A careful search, page by page, reveals that a jury waiver from the prior 1962 conviction wherein the written consent of the State to such waiver bears the signature of one "Ben F. Ellis" as an Assistant District Attorney and this appellate record reflects the trial judge was "Ben Ellis." Even if it can be argued that such is sufficient to show that the judge was, in fact, the actual prosecutor in the earlier conviction, Hathorne v. State, 459 S.W.2d 826 (Tex.Cr.App.1970), cert. den. 402 U.S. 914, 91 S.Ct. 1398, 28 L.Ed.2d 657, has been decided contrary to appellant's contention, overruling or qualifying all of the authorities relied upon.

The judgment is affirmed.