**Finley Raydell BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–02–00215–CR.**

Court of Appeals of Texas, Texarkana.

Submitted May 12, 2003.

Decided June 4, 2003.

Rehearing Overruled June 17, 2003.

Lew Dunn, Longview, for appellant.

Carl Dorrough, Asst. Dist. Atty., Longview, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Finley Raydell Brown appeals from the punishment assessed by the trial court after Brown pled guilty to possession of a controlled substance with intent to deliver. His sentence was enhanced with two prior felonies, and Brown was originally sentenced on June 19, 1995, to thirty years' imprisonment. Brown's subsequent habeas corpus application, asserting the thirty-year sentence was excessive, was ultimately granted by the Texas Court of Criminal Appeals, which ruled that under the circumstances any sentence ordered for Brown exceeding twenty years was excessive. His case was remanded to the trial court for "assessment of an authorized punishment."

At the resentencing hearing, the trial court granted the State's motion that judicial notice be taken of the evidence admitted in the first sentencing hearing. Brown's sole objection at the hearing was that the prior felony conviction was void and, therefore, the prior conviction would not support enhancement of the sentence for the current charge and the trial court was thus limited to a maximum sentence of two years. The trial court sentenced Brown to twenty years' imprisonment.

Brown appeals, asserting two points of error: (1) that the evidence supporting punishment was insufficient to impose a sentence greater than two years, and (2) that the trial court was disqualified from using as an enhancement the 1976 conviction obtained by Judge Alvin Khoury when he was prosecutor. We affirm.

*Sufficiency of the Evidence*

Brown first contends the evidence was insufficient to support any sentence greater than two years and, therefore, the sentence of twenty years was error. Under this point of error, Brown argues that (1) the State failed to adduce *any* evidence of prior convictions at the hearing, violating TEX.CODE CRIM. PROC. ANN. art. 37.07 (Vernon 1981 & Supp.2003); (2) the evidence was insufficient under TEX. CONST. art. 1, § 19 and TEX.CODE CRIM. PROC. ANN. art. 1.04 (Vernon 1977); and (3) Brown's 1976 conviction used for enhancement is void because the conviction of a codefendant in that 1976 case was overturned.

In determining the more rigorous standard of factual sufficiency, we examine the evidence in a neutral light and set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State,* 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). We review the evidence weighed by the fact-finder that tends to prove the existence of the elemental fact in dispute

and compare it with the evidence that tends to disprove that fact. *Jones v. State,* 944 S.W.2d 642, 647 (Tex.Crim.App.1996). "In conducting its factual sufficiency review, an appellate court reviews the fact-finder's weighing of the evidence and is authorized to disagree with the factfinder's determination." *Clewis,* 922 S.W.2d at 133. Our review, however, must employ appropriate deference to prevent us from substituting our judgment for that of the fact-finder, and our evaluation should not substantially intrude on the fact-finder's role as the sole judge of the weight and credibility given to witness testimony. *Jones,* 944 S.W.2d at 648.

Brown argues that, at the new hearing on punishment, there was *no* evidence of the prior convictions, essentially because judicial notice was improper in light of TEX.CODE CRIM. PROC. ANN. art. 37.07. Brown reasons that the 1995 hearings on guilt/innocence and punishment were compressed into one hearing, short-cutting the procedure set out in Article 37.07, and that therefore, on remand for resentencing, the State was required to re-offer each prior conviction used for enhancement and prove them with new evidence. Brown makes no argument from any language of Article 37.07 and points out no legal authority supporting his claim. We see no support for this claim in either place.

A trial court must take judicial notice of adjudicative facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" when "requested by a party and supplied with the necessary information." TEX.R. EVID. 201(b), (d). There is nothing suggesting that the proof adduced at the first punishment hearing was flawed or not capable of being used in the second punishment hearing in the same case. Nothing in Article 37.07 rejects the validity of judicially noticed evidence.[1]

Brown failed to object to the trial court taking judicial notice of the evidence[2] from the prior sentencing hearing. He cannot be heard to make such objection, now, for the first time on appeal. *See Rezac v. State,* 782 S.W.2d 869, 871 (Tex.Crim.App. 1990); *Revell v. State,* 885 S.W.2d 206, 211 (Tex.App.-Dallas 1994, pet. ref'd).

■ Brown also claims the evidence was insufficient as denying "due course of law" under TEX. CONST. art. 1, § 19 or TEX.CODE CRIM. PROC. ANN. art. 1.04, and refers us to *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Brown fails to point out, however, just why he contends the evidence is insufficient to afford him "due course of law." We see no reason why it is not sufficient to do that. Additionally, Brown has failed to raise this issue on appeal.

> Texas Rule of Appellate Procedure 38.1(h) provides that the "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP. P. 38.1(h). Conclusory arguments which cite no authority present nothing for our review. *See Vuong v. State,* 830 S.W.2d 929, 940 (Tex.Crim.App.1992); *Atkins v. State,* 919 S.W.2d 770, 774 (Tex.App.-Houston [14th Dist.] 1996, no pet.).... Appel-

---

1. We also note the Texas Court of Criminal Appeals returned the case to the trial court for "assessment of an authorized punishment," not necessarily a new hearing on punishment.

2. Brown did object to the use of the prior conviction on the basis that his codefendant's conviction had been overturned. We deal with that assertion elsewhere.

lant's briefing on this issue falls short of the minimum required to present an issue for appellate review. Because Appellant failed to adequately brief the court on his due process and due course of law arguments, he waived error. *See Greer v. State,* 999 S.W.2d 484, 488 n. 3 (Tex.App.-Houston [14th Dist.] 1999, pet. filed). Accordingly, we conclude that Appellant's due process and due course of law contentions present nothing for review. *King v. State,* 17 S.W.3d 7, 23 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd) (supplemental op. on reh'g).

■ Next, Brown asserts the issue he raised at the resentencing hearing: that his 1976 conviction used for enhancement is void because the conviction of a codefendant in that case was overturned. In making that assertion, Brown fails to note that, while the codefendant's conviction was overturned, Brown's conviction was not, but in fact is a final conviction. Brown testified at the resentencing hearing that his prior conviction was never reversed. We cannot conclude the prior conviction was improperly used for enhancement purposes in this cause.

### Disqualification of Trial Judge

■ Brown next contends the trial judge who resentenced him was disqualified because he had served as prosecutor in a prior case used in this case for enhancement. Brown asserts that *Ex parte McDonald,* 469 S.W.2d 173 (Tex.Crim.App. 1971), is on "all fours" with this case and makes the prior case void and not useable for enhancement.

The *McDonald* case does not stand for that proposition. McDonald had been convicted of felony theft in 1963, and his sentence had been enhanced by two prior convictions, a 1953 burglary conviction and a 1961 felony theft conviction. It was shown that the person who actively prosecuted the 1953 burglary charge (which prosecution occurred while McDonald was indigent and was not represented by counsel), later became a judge and revoked McDonald's probation, which had been ordered as a result of that 1953 burglary conviction. The Texas Court of Criminal Appeals ruled that Tex. Const. art. V, § 11 ("no judge shall sit in any case wherein ... he shall have been counsel in the case") and Tex.Code Crim. Proc. Ann. art. 30.01 (Vernon Supp.2003) ("no judge shall sit in any case ... where he has been of counsel for the State or the accused") were mandatory and rendered the prior conviction unavailable for enhancement. *McDonald,* 469 S.W.2d at 174. *McDonald* is distinguishable from the case before us.

The trial judge in this case (case number 22,449–B out of the 124th Judicial District Court of Gregg County, Texas) did not also act as counsel in this case at any time. Nor does it appear from the record before us that he served as both counsel and as judge in either of the cases used for enhancement purposes (case number 10,805–B out of the 124th Judicial District Court of Gregg County, Texas, and case number 13,564 out of the 123rd Judicial District Court of Panola County, Texas). The record reflects only that he served as prosecutor in one of them, 10,805–B. That at the very least does not establish a disqualification under Tex. Const. art. V, § 11 or Tex.Code Crim. Proc. Ann. art. 30.01 that would render a prior conviction useless for enhancement purposes under *McDonald.* There is no disqualification under these circumstances. *Griffin v. State,* 487 S.W.2d 81 (Tex.Crim.App.1972); *Hathorne v. State,* 459 S.W.2d 826 (Tex.Crim.App. 1970); *Madden v. State,* 911 S.W.2d 236, 240–41 (Tex.App.-Waco 1995, pet. ref'd); *Nevarez v. State,* 832 S.W.2d 82, 88 (Tex. App.-Waco 1992, pet. ref'd).

Lastly, appellant contends the judge was disqualified since he was the prosecutor in appellant's prior 1962 conviction for unlawfully breaking and entering a motor vehicle, which conviction was introduced as part of appellant's "prior criminal record" at the penalty stage of the trial. . . . Even if it can be argued that [the evidence] is sufficient to show that the judge was, in fact, the actual prosecutor in the earlier conviction, *Hathorne v. State* . . . has been decided contrary to appellant's contention, overruling or qualifying all of the authorities relied upon.

*Griffin,* 487 S.W.2d at 82–83. We overrule Brown's second point of error.

We affirm the judgment.