Opinion issued September 2, 2004



     












In The
Court of Appeals
For The
First District of Texas




NOS. 01-03-00718-CR
          01-03-00719-CR




JAMES HUMBERTO SILVA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause Nos. 929,827 & 929,828




MEMORANDUM OPINION

          Appellant, James Humberto Silva, was charged in two indictments with
aggravated sexual assault of a child under the age of 14. Each indictment alleged a
prior conviction for aggravated sexual assault of a child. After a jury found appellant
guilty, the trial court found the enhancement allegations to be true and assessed
punishment at confinement for life on each charge. We affirm.
Disqualification of Judge
          In point of error one, appellant contends the trial judge, the Honorable Carol
Davies, erred by refusing to disqualify herself after she discovered that she had served
as a prosecuting attorney in the probation revocation proceeding of the case alleged
in the enhancement paragraphs of the indictments.
1. Background
          After the conclusion of the guilt/innocence phase of the trial, Judge Davies,
who had presided over the trial, discovered that she had served as a prosecutor in the
case alleged in the enhancement paragraphs of the indictments.


 Appellant’s counsel
made no immediate objection, but asked to see whether the jury could reach a verdict.
          After the jury found appellant guilty, but before the imposition of punishment,
appellant’s counsel moved for a mistrial and complained about Judge Davies being
the factfinder on the enhancement issue. Judge Davies referred the matter to the
Administrative Judge, the Honorable Debbie Strickland, who assigned Judge William
Harmon to preside over the punishment hearing.
2. Analysis
          Appellant contends that the trial court reversibly erred in not disqualifying
herself, pursuant to article 30.01 of the Texas Code of Criminal Procedure, which
provides as follows:
No judge or justice of the peace shall sit in any case where he may be
the party injured, or where he has been of counsel for the State or the
accused, or where the accused or the party injured may be connected
with him by consanguinity or affinity within the third degree, as
determined under Chapter 573, Government Code.

Tex. Code Crim. Proc. Ann. art. 30.001 (Vernon Supp. 2004).
          We disagree with appellant’s contention. A trial judge is not disqualified from
sitting in cases when the judge was a prosecutor in a prior case that is alleged for
enhancement of punishment. See Hathorne v. State, 459 S.W.2d 826, 829 (Tex.
Crim. App. 1970), Brown v. State, 108 S.W.3d 904, 907-08 (Tex. App.—Texarkana
2003, pet. ref’d); Bruns v. State, 924 S.W.2d 176, 179 (Tex. App.—San Antonio
1996, no pet.); Madden v. State, 911 S.W.2d 236, 240 (Tex. App.—Waco 1995, pet.
ref’d), O’Dell v. State, 651 S.W.2d 48, 50-51 (Tex. App.—Fort Worth 1983, pet.
ref’d). Furthermore, Judge Harmon, not Judge Davies, presided over the punishment
hearing—the only portion of the trial concerning the enhancement allegations.
          Accordingly, we overrule point of error one.
 
Proof of Conviction Alleged for Enhancement of Punishment
          In point of error two, appellant contends the trial court erred by admitting
State’s Exhibit #3—a copy of a judgment revoking appellant’s probation in the
enhancement offense—because the deputy testifying about the exhibit was unable to
match the fingerprint on Exhibit 3 with a current fingerprint from appellant. In points
of error three and four, appellant contends that, absent proof of the judgment revoking
his probation in the enhanced offense, the evidence is legally and factually
insufficient to support the automatic life sentence he received.
1. Background
          At trial, the State presented three exhibits to prove up appellant’s prior
conviction. They were as follows:
Exhibit #1


—A fingerprint that had been recently taken from appellant.
 
Exhibit #2—A certified copy of the judgment in the enhancement
offense (cause no. 319367, styled The State of Texas v. James Humberto
Silva, dated November 10, 1988), which placed appellant on probation
for ten years.
 
Exhibit #3—A certified copy of the judgment revoking appellant’s
probation in the enhancement offense (cause no. 319367, styled The
State of Texas v. James Humberto Silva, dated January 3, 1991), which
shows that a punishment of “10 yrs TCD probated” was revoked and a
sentence of 7 years’ confinement was imposed.

          Joe Noguera, a fingerprint expert with the Harris County Sheriff’s Department,
testified that the fingerprints on Exhibit #1 matched the thumbprint on Exhibit #2. 
However, Noguera was not able to match the fingerprints on Exhibit #1 with the
fingerprint on Exhibit #3, because the print on Exhibit #3 was not a good print for
comparison purposes.
          Appellant objected that Exhibit #3 could not be admitted because there was “no
valid print on State’s 3 for proper identification.” The trial court overruled
appellant’s objection. We review the trial court’s ruling for an abuse of discretion. 
Goff v. State, 931 S.W.2d 537, 553 (Tex. Crim. App. 1996).
2. Analysis
          Appellant argues that the State was required to prove that the previous
conviction was a final conviction. See Ex parte Murchison, 560 S.W.2d 654, 656
(Tex. Crim. App. 1978) (holding that probated sentence not a final conviction for
enhancement purposes unless revoked). Appellant further argues that Exhibit #3
cannot be used to meet the State’s burden of proof because of the lack of an
identifiable fingerprint.
          We agree that the State was required to prove that the enhancement offense was
a final conviction. See Spiers v. State, 552 S.W.2d 851, 852 (Tex. Crim. App. 1977)
(holding that State bears burden of proving probation revoked before using
conviction resulting in probation to enhance punishment); Fetters v. State, 1 S.W.2d
312, 313 (Tex. Crim. App. 1927) (same).
          The issue, thus, is whether the State presented legally and factually sufficient
evidence to show that appellant’s probation was revoked. See Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979) (legal sufficiency); Zuniga v. State,
No. 539-02, 2004 WL 840786, at *7 (Tex. Crim. App. Apr. 21, 2004) (factual
sufficiency).
          It is uncontested that the State proved that appellant was the same person who
had been convicted of the enhancement offense and sentenced to 10 years’ probation,
by showing that appellant’s fingerprints on Exhibit #1 matched the thumbprint on the
judgment in Exhibit #2. See Beck v. State, 719 S.W.2d 205, 209 (Tex. Crim. App.
1986); Garner v. State, 864 S.W.2d 92, 97 (Tex. App.—Houston [1st Dist.] 1993, pet.
ref’d) (holding that prior conviction alleged for enhancement purposes may be
established by introducing certified or otherwise properly authenticated copies of
judgment and sentence and records of Institutional Division of the Texas Department
of Criminal Justice or county jail that include fingerprints of the accused, supported
by expert testimony identifying fingerprints of the accused with known prints of
accused). Therefore, the only issue us to decide is whether the State was required to
produce a fingerprint on Exhibit #3 in order to prove that appellant’s probation had
been revoked.
          Appellant has cited no authority to support his assertion that the State was
required to introduce a fingerprint on the revocation judgment to prove that
appellant’s probation had been revoked. As we stated earlier, the State proved that
appellant is the same person convicted in cause no. 319367, styled The State of Texas
v. James Humberto Silva, of aggravated sexual assault of a child, and that his
punishment was assessed at 10 years’ probation. Exhibit #3, the revocation judgment,
showed the same defendant’s name, cause number, case style, court number, offense
charged, and punishment assessed as did Exhibit #2, the conviction judgment. 
Having proved that appellant was the same person convicted in Exhibit #2, the jury
was rationally justified in concluding that Exhibit #3, even absent a fingerprint, was
proof that the punishment imposed in Exhibit #2 had been revoked. See Fetters, 1
S.W.2d at 313 (holding testimony that appellant had been seen in prison admissible
to show probation revoked).
          Accordingly, we overrule points of error two, three, and four.
          We affirm the judgments of the trial court.
 
Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Keyes and Bland.
.
Do not publish. Tex. R. App. P. 47.2(b).