NUMBER 13-07-274-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


____________________________________________________________


IN RE JOSEPH A. CONNORS III, 


SPECIAL PROSECUTOR PRO TEM FOR THE STATE OF TEXAS 


IN HIDALGO COUNTY, TEXAS


____________________________________________________________


On Petition for Writ of Mandamus

____________________________________________________________


MEMORANDUM OPINION



Before Justices Yañez, Benavides, and Vela


Per Curiam Memorandum Opinion (1)



 Relator, Joseph A. Connors III, "Special Prosecutor Pro Tem" for the State of Texas
in Hidalgo County, Texas, seeks writs of mandamus and prohibition to compel the
Honorable J. R. "Bobby" Flores, Presiding Judge of the 139th Judicial District Court of
Hidalgo County, Texas, to either disqualify or recuse himself from presiding in a criminal
trial. Relator also requests that we grant mandamus relief by vacating two orders signed
by the Honorable J. Manuel Bañales, presiding judge of the Fifth Administrative Judicial
Region, denying the motions for disqualification and recusal of Judge Flores. Relator
further requests a stay of further pretrial hearings and trial on the merits pending
disposition of this petition. We deny the motion for stay and deny the petition for writ of
mandamus. 

 Mandamus relief may be granted if the relator shows the following: (1) that the act
sought to be compelled is purely ministerial; and (2) that there is no adequate remedy at
law. De Leon v. Aguilar, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004). 

 In most cases, an appeal is an adequate remedy to challenge an erroneous ruling
denying a motion to recuse. De Leon v. Aguilar, 127 S.W.3d 1, 6-7 (Tex. Crim. App.
2004); In re Union Pac. Res. Co., 969 S.W.2d 428, 428-29 (Tex. 1998); see Tex. R. Civ.
p. 18a(f) ("If the motion is denied, it may be reviewed for abuse of discretion on appeal
from the final judgment."). To the extent that relator's motion can be construed to seek the
mandatory disqualification of Judge Flores, mandamus would be appropriate to review the
trial court's decision. Union Pac. Res. Co., 969 S.W.2d at 428 (if a judge is constitutionally
disqualified from sitting in a case, the judge is without authority to act and mandamus is
available to compel the judge's mandatory disqualification without a showing that the
relator lacks an adequate remedy by appeal. Id.; In re Gonzalez, 115 S.W.3d 36, 39 (Tex.
App.-San Antonio 2003, orig. proceeding). 

 In the instant case, relator's arguments do not fall within the constitutional and
statutory bases for disqualification and the record fails to show that any of the mandatory
grounds for disqualification are applicable. In this context, we would note that the trial
judge is not disqualified merely because he previously represented the State in another,
separate case. See Gamez v. State, 737 S.W.2d 315, 318 (Tex. Crim. App. 1987) (en
banc) ("the prohibition . . . against a judge hearing a case in which he has acted as counsel
requires that he actually have participated in the very case which is before him"); Holifield
v. State, 538 S.W.2d 123, 125 (Tex. Crim. App. 1976); Hathorne v. State, 459 S.W.2d 826,
829 (Tex. Crim. App. 1970); Brown v. State, 108 S.W.3d 904, 907 (Tex. App.-Texarkana
2003, pet. ref'd). This is true even where, for instance, the conviction in which the trial
judge represented the State is used for enhancement purposes in the case over which the
trial judge is presiding. See Griffin v. State, 487 S.W.2d 81, 83 (Tex. Crim. App. 1972);
Brown, 108 S.W.3d at 907-08. Accordingly, mandamus relief is not available because
relator has an adequate remedy at law by appeal. De Leon, 127 S.W.3d at 6-7; Woodard
v. Eighth Court of Appeals, 991 S.W.2d 795, 796-97 (Tex. Crim. App. 1998). 

 The Court, having examined and fully considered the petition for writ of mandamus
and request for stay thereto is of the opinion that relator has not shown himself entitled to
the relief sought. Accordingly, the petition for writ of mandamus and request for stay are
DENIED. See Tex. R. App. P. 52.8(a). 


 PER CURIAM



Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed

this 4th day of May, 2007.

 


 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not
required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).