**Opinion filed June 11, 2009**



In The

# Eleventh Court of Appeals

————

## No. 11-08-00278-CR

————

## ELISELLO USEVIO DELAO, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 132nd District Court**

**Scurry County, Texas**

**Trial Court Cause No. 9363**

## M E M O R A N D U M   O P I N I O N

The jury convicted Elisello Usevio DeLao of aggravated assault with a deadly weapon and assessed his punishment at confinement for five years. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous.

In his brief, counsel presents two possible issues. First, counsel examines the trial court's denial of appellant's request for a separate instruction on the definition of serious bodily injury in the jury charge. As counsel notes and as the trial court noted in its ruling, the definition of serious

bodily injury was included in the definition of deadly weapon contained in the charge. This possible issue is overruled.

In the next possible issue, counsel examines the trial court's denial of appellant's request for the lesser included offense of Class A misdemeanor assault in the charge to the jury. Counsel correctly states the test for determining whether a lesser included offense should be submitted to the jury: the lesser included offense must be included within the proof necessary to establish the charged offense and there must be some proof that, if the defendant is guilty, he is guilty only of the lesser included offense. *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); *Royster v. State*, 622 S.W.2d 442, 446-47 (Tex. Crim. App. 1981); *see also Flores v. State*, 245 S.W.3d 432, 439 (Tex. Crim. App. 2008); *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim App. 2007). Our review of the record supports counsel's conclusion that the only evidence of the commission of the alleged assault involved appellant's use of a motor vehicle and that there is no evidence of an assault occurring without the use of the motor vehicle. Counsel correctly concludes that there is no viable appellate issue challenging the trial court's denial of the request for an instruction on a lesser included offense. This possible issue is overruled.

Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response to counsel's brief. A response has been filed. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

In his pro se response, appellant contends that the trial court erred by neither disqualifying nor recusing itself, by not complying with a motion for discovery, by admitting State's Exhibit Nos. 7 and 8, by allowing testimony appellant alleges was fiction, and by not submitting a charge on a lesser included offense. The record before this court does not support appellant's contentions.

Appellant filed a motion for the trial judge to be disqualified on the grounds that the trial judge had previously served as the district attorney in the offense alleged in the enhancement paragraph of the indictment. A motion to recuse was not filed. Relying on *Hathorne v. State*, 459 S.W.2d 826 (Tex. Crim. App. 1970), the trial court overruled the motion to disqualify. The trial court ruled correctly. TEX. CODE CRIM. PROC. ANN. art. 30.01 (Vernon 2006); *Griffin v. State*, 487

2

S.W.2d 81 (Tex. Crim. App. 1972); *Hathorne,* 459 S.W.2d at 829; *Brown v. State*, 108 S.W.3d 904 (Tex. App.—Texarkana 2003, pet. ref'd).

Appellant complains that the trial court violated his motion for discovery. The record contains no ruling on this motion. Moreover, the record affirmatively reflects that appellant was provided with copies of State's Exhibit Nos. 7 and 8. Further, the record reflects no reversible error in any delay that may have occurred in appellant securing copies of State's Exhibit Nos. 7 and 8 or in the State's production of the recording of the 9-1-1 call.

Appellant contends that the trial court erred by allowing Snyder Reserve Police Officer Gilbert Ramos to testify concerning oral statements appellant made to Officer Ramos. Appellant contends that he never made those statements and that Officer Ramos's testimony was fiction. The jury was the sole finder of fact and, as such, was free to accept or reject any or all of Officer Ramos's testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979). Appellant's argument attempts to invade the province of the jury.

All of appellant's arguments have been considered. Each is overruled.

Following the procedures outlined in *Anders*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review by the Texas Court of Criminal Appeals. *Ex parte Owens*, 206 S.W.3d 670 (Tex. Crim. App. 2006). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 66. *Black v. State*, 217 S.W.3d 687 (Tex. App.—Eastland 2007, no pet.).

The motion to withdraw is granted, and the appeal is dismissed.


PER CURIAM


June 11, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

3