Opinion filed June 11, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed June 11, 2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00278-CR

                                                    __________

 

                               ELISELLO USEVIO DELAO, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                        On
Appeal from the 132nd District Court

 

                                                          Scurry
County, Texas

 

                                                     Trial
Court Cause No. 9363

 



 

                                             M
E M O R A N D U M    O P I N I O N

The
jury convicted Elisello Usevio DeLao of aggravated assault with a deadly weapon
and assessed his punishment at confinement for five years.  We dismiss the
appeal.

Appellant=s court-appointed counsel
has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  








In
his brief, counsel presents two possible issues.  First, counsel examines the
trial court=s denial
of appellant=s request
for a separate instruction on the definition of serious bodily injury in the
jury charge.  As counsel notes and as the trial court noted in its ruling, the
definition of serious bodily injury was included in the definition of deadly
weapon contained in the charge.  This possible issue is overruled.

In
the next possible issue, counsel examines the trial court=s denial of appellant=s request for  the lesser
included offense of Class A misdemeanor assault in the charge to the jury. 
Counsel correctly states the test for determining whether a lesser included
offense should be submitted to the jury:  the lesser included offense must be included
within the proof necessary to establish the charged offense and there must be
some proof that, if the defendant is guilty, he is guilty only of the lesser
included offense.  Rousseau v. State, 855 S.W.2d 666, 672 (Tex. Crim.
App. 1993); Royster v. State, 622 S.W.2d 442, 446-47 (Tex. Crim. App.
1981); see also Flores v. State, 245 S.W.3d 432, 439 (Tex. Crim. App.
2008); Hall v. State, 225 S.W.3d 524, 536 (Tex. Crim App. 2007).  Our
review of the record supports counsel=s
conclusion that the only evidence of the commission of the alleged assault
involved appellant=s
use of a motor vehicle and that there is no evidence of an assault occurring
without the use of the motor vehicle.  Counsel correctly concludes that there
is no viable appellate issue challenging the trial court=s denial of the request for an instruction on
a lesser included offense.  This possible issue is overruled.

Counsel
has provided appellant with a copy of the brief and advised appellant of his
right to review the record and file a response to counsel=s brief.  A response has
been filed.  Court-appointed counsel has complied with the requirements of Anders
v. California, 386 U.S. 738 (1967); In re Schulman, 252
S.W.3d 403 (Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503
(Tex. Crim. App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v. State,
161 S.W.3d 173 (Tex. App.CEastland
2005, no pet.).

In
his pro se response, appellant contends that the trial court erred by neither
disqualifying nor recusing itself, by not complying with a motion for
discovery, by admitting State=s
Exhibit Nos. 7 and 8, by allowing testimony appellant alleges was fiction,
and by not submitting a charge on a lesser included offense.  The record before
this court does not support appellant=s
contentions.








Appellant
filed a motion for the trial judge to be disqualified on the grounds that the
trial judge had previously served as the district attorney in the offense
alleged in the enhancement paragraph of the indictment.  A motion to recuse was
not filed.  Relying on Hathorne v. State, 459 S.W.2d 826 (Tex. Crim.
App. 1970), the trial court overruled the motion to disqualify.  The trial
court ruled correctly.  Tex. Code Crim.
Proc. Ann. art. 30.01 (Vernon 2006); Griffin v. State, 487 S.W.2d
81 (Tex. Crim. App. 1972); Hathorne, 459 S.W.2d at 829;  Brown v.
State, 108 S.W.3d 904 (Tex. App.CTexarkana
2003, pet. ref=d).

Appellant
complains that the trial court violated his motion for discovery.  The record
contains no ruling on this motion.  Moreover, the record affirmatively reflects
that appellant was provided with copies of State=s
Exhibit Nos. 7 and 8.  Further, the record reflects no reversible error in any
delay that may have occurred in appellant securing copies of State=s Exhibit Nos. 7 and 8 or
in the State=s
production of the recording of the 9-1-1 call.

Appellant
contends that the trial court erred by allowing Snyder Reserve Police Officer
Gilbert Ramos to testify concerning oral statements appellant made to Officer
Ramos.  Appellant contends that he never made those statements and that Officer
Ramos=s testimony was
fiction.  The jury was the sole finder of fact and, as such, was free to accept
or reject any or all of Officer Ramos=s
testimony.  Tex. Code Crim.
Proc. Ann. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979). 
Appellant=s argument
attempts to invade the province of the jury.

All
of appellant=s
arguments have been considered.  Each is overruled.

Following
the procedures outlined in Anders, we have independently reviewed the
record, and we agree that the appeal is without merit.  We note that counsel
has the responsibility to advise appellant that he may file a petition for
discretionary review by the Texas Court of Criminal Appeals.  Ex parte Owens,
206 S.W.3d 670 (Tex. Crim. App. 2006).  Likewise, this court advises appellant
that he may file a petition for discretionary review pursuant to Tex. R. App. P. 66. Black v. State, 
217 S.W.3d 687 (Tex. App.CEastland
2007, no pet.). 

The
motion to withdraw is granted, and the appeal is dismissed.

 

 

PER CURIAM

 

June 11, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.