COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-319-CR

 

 

TROY MICHAEL LEWIS                                                                     APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

                FROM
THE 43RD DISTRICT COURT OF PARKER COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
Introduction

Appellant
Troy Michael Lewis appeals the trial court=s
denial of his motion to suppress.  We
affirm.

II. 
Factual and Procedural Background








Lewis
was indicted for one count of possessing more than five but no more than fifty
pounds of marihuana and one count of possessing less than a gram of
cocaine.  He filed a pretrial motion to
suppress Aany
and all property seized pursuant to a searchA of
his residence on the grounds that the search and seizure offended provisions of
the code of criminal procedure and the federal and state constitutions.

At a
pretrial hearing on the motion, the prosecutor offered State=s
Exhibit 1Ca
search warrant, search warrant affidavit, and attachments theretoCbefore
Lewis called his first witness.  The
trial court admitted this exhibit over Lewis=s
objection that Ait=s
not her turn to put on evidence yet,@
before turning to Lewis and saying, AIt=s
your turn.@  Lewis argued that the warrant was facially
invalid, unsupported by probable cause, not relevant, and premature.  When he suggested that the judge take a
moment to review the warrant, the judge did so, and then announced, AI=m
taking judicial notice that the Search Warrant Affidavit applies to suspected
party Troy Michael Lewis.@








Lewis
called Larry Mitchell, who, according to the search warrant affidavit, had been
stopped for a traffic violation when he told officers that he had just
delivered a half pound of marihuana to Lewis at Lewis=s
residence. Counsel for Lewis expressed uncertainty as to whether Mitchell was
in the courthouse and offered, ABut
if he=s
not here, that=s
fine.@  The prosecutor reported that the State had
subpoenaed Mitchell and that if he was not in the courthouse, he should be on
his way.  She then argued that testimony
elicited from Mitchell by Lewis would go to a AFranks
hearing@[2] and
that Lewis had neither filed a motion for a Franks hearing nor
established his entitlement to one.

Lewis
did not respond to the State=s
argument.  Instead, he rested.  When the prosecutor pointed out that Lewis
had not offered anything in support of his motion to suppress, Lewis moved to
reopen.  The trial court denied the
motion to reopen and then issued findings pertaining to the warrant (but not
pertinent to this appeal) before denying the motion to suppress.

Unbeknownst
to the parties, Mitchell had been waiting upstairs.  Noting that Mitchell was Ahard
to find,@
Lewis asked if he could go get him and have him sworn as a witness.  The judge agreed, stating, ABring
him in.  I=m
not going to take any testimony.  I=ll
just put him under oath.@  Lewis replied, AThat[=s]
all we want, Judge.@  Mitchell came in, was sworn, and was
dismissed.  Lewis objected to the denial
of his motion to reopen and asked that he Abe
given an opportunity to proffer testimony if we were allowed to reopen.@ The
trial court denied the request.  Lewis
now brings three points on appeal.

III. 
Issues

In
his three points, Lewis complains that the trial court erred by (1) taking
judicial notice that the search warrant affidavit applied to Troy Michael
Lewis; (2) admitting evidence seized under a search warrant not based on
probable cause; and (3) denying Lewis=s
request to reopen testimony and his right to make a bill of exception or offer
of proof.








IV. 
Judicial Notice

In
his first point, Lewis contends that the trial court erred by taking judicial
notice that the search warrant affidavit in State=s
Exhibit 1 applied to him.

To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R.
App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim.
App. 1998) (op. on reh=g), cert. denied, 526
U.S. 1070 (1999).  Further, the trial
court must have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court=s
refusal to rule.  Tex. R. App. P.
33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App.
2004).  An objection preserves only the
specific ground cited.  Tex. R. App. P.
33.1(a)(1)(A); Mosely, 983 S.W.2d at 265; Bell v. State, 938
S.W.2d 35, 54 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 827 (1997);
see Fierro v. State, 706 S.W.2d 310, 317B18
(Tex. Crim. App. 1986) (holding that general objection is insufficient to
apprise trial court of complaint urged and thus preserves nothing for review).








The
record shows that Lewis raised no objection to the trial court=s
taking judicial notice that the search warrant affidavit applied to him.  Therefore, he has failed to preserve his
first point for our review, and we overrule it. 
See Tex. R. App. P. 33.1(a)(2); Brown v. State, 108 S.W.3d
904, 906 (Tex. App.CTexarkana 2003, pet. ref=d) (ABrown
failed to object to the trial court taking judicial notice of the evidence from
the prior sentencing hearing.  He cannot
be heard to make such objection, now, for the first time on appeal.@); Nguyen
v. State, 982 S.W.2d 945, 948 (Tex. App.CHouston
[14th Dist.] 1998, pet. ref=d) (ANguyen
also complains that the trial court took judicial notice of the court=s
rules, but the record reflects that Nguyen did not object to the trial court=s
doing so.  Nothing is presented for
review.@).

V. 
Denial of the Motion to Suppress

In
his second point, Lewis complains that the trial court erred by admitting
evidence seized under a search warrant not based on probable cause, and that
the trial court erred by admitting the warrant in evidence.

We
initially note that, other than the warrant and affidavit, no evidence was
admitted at the hearing.  It is puzzling
then that Lewis complains that the trial court erred by admitting evidence
seized under the warrant.  The only
evidence in the recordCthe search warrant and its
accoutermentsCwas
not evidence seized under itself.  Nor
was it evidence seized from Lewis.








This
latter point brings us to the State=s
argument that Lewis lacked standing to urge suppression based on a claimed
violation of his constitutional or statutory rights.  Any defendant seeking to suppress evidence
obtained in violation of the Fourth Amendment must first show that he
personally had a reasonable expectation of privacy that the government
invaded.  Kothe v. State, 152
S.W.3d 54, 59 (Tex. Crim. App. 2004).  He
must prove that he was a Avictim@ of
an unlawful search or seizure.  Id.  Only after a defendant has established his
standing to complain may a court consider whether he has suffered a substantive
Fourth Amendment violation.  Id.

Lewis
rested before presenting any evidence at the hearing.  As a result, he failed to show that he had
been subjected to a search or that any evidence was seized from him during a
search.  See id.

Thus,
whether he claims that the trial court should have suppressed unspecified
evidence seized under a warrant or the warrant itself, we may not consider
whether error is shown by the trial court=s
denying his motion to suppress.[3]  See Kothe, 152 S.W.3d at 59.  Accordingly, we overrule Lewis=s
second point.

VI. 
Motion to Reopen and Right to Offer Proof

In
his third and final point, Lewis asserts that the trial court erred by denying
his request to reopen and by denying his right to make a bill of exception or
offer of proof.








Lewis
provides no authority holding that there is a statutory right to reopen at a
suppression hearing, and we have not found any. 
In fact, we agree with our sister court of appeals that code of criminal
procedure article 36.02, which allows testimony to be introduced at any time
before argument is concluded, does not apply to pretrial suppression
hearings.  See Gilbert v. State,
874 S.W.2d 290, 292B93 (Tex. App.CHouston
[1st Dist.] 1994, pet. ref=d).  Moreover, Lewis voluntarily rested without
putting on any evidence, and he did not inform the trial court of the specifics
of any testimony that he would have presented if allowed to reopen.  We overrule the first part of Lewis=s
third point.

Next,
Lewis contends that the trial court erred by denying his request to make an
offer of proof or bill of exception. 
Specifically, he argues that he attempted to make an offer of proof
regarding the testimony from Mitchell, which was excluded when the trial court
denied Lewis=s
motion to reopen at the suppression hearing.

First
we note that, under the rules, Lewis could have made a formal bill of exception
up to sixty days after sentencing or up to ninety days afterward with a motion
for new trial, yet he failed to avail himself of the opportunity.  See Tex R. App. P. 33.2(e)(2).








Second,
although it is true that a party has an absolute right to make an offer of
proof, see Kipp v. State, 876 S.W.2d 330, 333 (Tex. Crim. App. 1994), it
is unclear from the record that Lewis intended to make such an offer. As the
State points out in its brief, counsel for Lewis stated, AI=d
object to the court denying our motion to reopen, and would ask that we be
given an opportunity to proffer testimony if we were allowed to reopen.@  The State argues that Lewis was simply
re-urging his motion to reopen and that if he was asking to present a bill, he
was neither specific enough in his request to make the trial court aware of the
substance of the evidence sought to be admitted nor asking for the opportunity
to make a bill or offer of proof for appellate or record purposes.  The State=s
point is well taken.  See Tex. R.
Evid. 103(a)(2); Tex. R. App. 33.1(a)(1)(A); Chambers v. State, 866
S.W.2d 9, 27 (Tex. Crim. App. 1993), cert. denied, 511 U.S. 1100 (1994);
Fairow v. State, 943 S.W.2d 895, 897 n.2 (Tex. Crim. App. 1997).  It is not apparent from the plain language or
the context of the record what Lewis hoped to elicit from Mitchell, and Lewis
did not make the trial court aware of what he expected to elicit.  Accordingly, we overrule the remainder of
Lewis=s
third point.

VII. 
Conclusion

Having
overruled all of Lewis=s points on appeal, we
affirm the judgment of the trial court.

 

BOB MCCOY

JUSTICE

 

PANEL:  GARDNER and MCCOY, JJ.; and WILLIAM BRIGHAM
(Senior Justice, Retired, Sitting by Assignment).

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:
August 19, 2010











[1]See Tex. R. App. P.
47.4.





[2]See Franks v.
Delaware,
438 U.S. 154, 98 S. Ct. 2674 (1978).





[3]Lewis has not briefed
that the Texas constitution affords him any different protection that its
federal counterpart; therefore we consider his claim as one based upon the
Fourth Amendment to the United States Constitution.  See Welch v. State, 93 S.W.3d 50, 52
& n.5 (Tex. Crim. App. 2002).