

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-319-CR

TROY MICHAEL LEWIS                                              APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

------------

## FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

Appellant Troy Michael Lewis appeals the trial court's denial of his motion to suppress.  We affirm.

### II. Factual and Procedural Background

Lewis was indicted for one count of possessing more than five but no more than fifty pounds of marihuana and one count of possessing less than a gram of

---

[1] *See* Tex. R. App. P. 47.4.

cocaine. He filed a pretrial motion to suppress "any and all property seized pursuant to a search" of his residence on the grounds that the search and seizure offended provisions of the code of criminal procedure and the federal and state constitutions.

At a pretrial hearing on the motion, the prosecutor offered State's Exhibit 1—a search warrant, search warrant affidavit, and attachments thereto—before Lewis called his first witness. The trial court admitted this exhibit over Lewis's objection that "it's not her turn to put on evidence yet," before turning to Lewis and saying, "It's your turn." Lewis argued that the warrant was facially invalid, unsupported by probable cause, not relevant, and premature. When he suggested that the judge take a moment to review the warrant, the judge did so, and then announced, "I'm taking judicial notice that the Search Warrant Affidavit applies to suspected party Troy Michael Lewis."

Lewis called Larry Mitchell, who, according to the search warrant affidavit, had been stopped for a traffic violation when he told officers that he had just delivered a half pound of marihuana to Lewis at Lewis's residence. Counsel for Lewis expressed uncertainty as to whether Mitchell was in the courthouse and offered, "But if he's not here, that's fine." The prosecutor reported that the State had subpoenaed Mitchell and that if he was not in the courthouse, he should be on his way. She then argued that testimony elicited from Mitchell by Lewis would go to a "*Franks* hearing"[2]

---

[2] ... *See Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674 (1978).

2

and that Lewis had neither filed a motion for a *Franks* hearing nor established his entitlement to one.

Lewis did not respond to the State's argument. Instead, he rested. When the prosecutor pointed out that Lewis had not offered anything in support of his motion to suppress, Lewis moved to reopen. The trial court denied the motion to reopen and then issued findings pertaining to the warrant (but not pertinent to this appeal) before denying the motion to suppress.

Unbeknownst to the parties, Mitchell had been waiting upstairs. Noting that Mitchell was "hard to find," Lewis asked if he could go get him and have him sworn as a witness. The judge agreed, stating, "Bring him in. I'm not going to take any testimony. I'll just put him under oath." Lewis replied, "That['s] all we want, Judge." Mitchell came in, was sworn, and was dismissed. Lewis objected to the denial of his motion to reopen and asked that he "be given an opportunity to proffer testimony if we were allowed to reopen." The trial court denied the request. Lewis now brings three points on appeal.

## III. Issues

In his three points, Lewis complains that the trial court erred by (1) taking judicial notice that the search warrant affidavit applied to Troy Michael Lewis; (2) admitting evidence seized under a search warrant not based on probable cause; and (3) denying Lewis's request to reopen testimony and his right to make a bill of exception or offer of proof.

3

## IV. Judicial Notice

In his first point, Lewis contends that the trial court erred by taking judicial notice that the search warrant affidavit in State's Exhibit 1 applied to him.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). An objection preserves only the specific ground cited. Tex. R. App. P. 33.1(a)(1)(A); *Mosely*, 983 S.W.2d at 265; *Bell v. State*, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996), *cert. denied*, 522 U.S. 827 (1997); *see Fierro v. State*, 706 S.W.2d 310, 317–18 (Tex. Crim. App. 1986) (holding that general objection is insufficient to apprise trial court of complaint urged and thus preserves nothing for review).

The record shows that Lewis raised no objection to the trial court's taking judicial notice that the search warrant affidavit applied to him. Therefore, he has failed to preserve his first point for our review, and we overrule it. *See* Tex. R. App. P. 33.1(a)(2); *Brown v. State*, 108 S.W.3d 904, 906 (Tex. App.—Texarkana 2003, pet. ref'd) ("Brown failed to object to the trial court taking judicial notice of the

4

evidence from the prior sentencing hearing. He cannot be heard to make such objection, now, for the first time on appeal."); *Nguyen v. State*, 982 S.W.2d 945, 948 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) ("Nguyen also complains that the trial court took judicial notice of the court's rules, but the record reflects that Nguyen did not object to the trial court's doing so. Nothing is presented for review.").

## V. Denial of the Motion to Suppress

In his second point, Lewis complains that the trial court erred by admitting evidence seized under a search warrant not based on probable cause, and that the trial court erred by admitting the warrant in evidence.

We initially note that, other than the warrant and affidavit, no evidence was admitted at the hearing. It is puzzling then that Lewis complains that the trial court erred by admitting evidence seized under the warrant. The only evidence in the record—the search warrant and its accouterments—was not evidence seized under itself. Nor was it evidence seized from Lewis.

This latter point brings us to the State's argument that Lewis lacked standing to urge suppression based on a claimed violation of his constitutional or statutory rights. Any defendant seeking to suppress evidence obtained in violation of the Fourth Amendment must first show that he personally had a reasonable expectation of privacy that the government invaded. *Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004). He must prove that he was a "victim" of an unlawful search or seizure. *Id.* Only after a defendant has established his standing to complain may

5

a court consider whether he has suffered a substantive Fourth Amendment violation. *Id.*

Lewis rested before presenting any evidence at the hearing. As a result, he failed to show that he had been subjected to a search or that any evidence was seized from him during a search. *See id.*

Thus, whether he claims that the trial court should have suppressed unspecified evidence seized under a warrant or the warrant itself, we may not consider whether error is shown by the trial court's denying his motion to suppress.[3] *See Kothe*, 152 S.W.3d at 59. Accordingly, we overrule Lewis's second point.

## VI. Motion to Reopen and Right to Offer Proof

In his third and final point, Lewis asserts that the trial court erred by denying his request to reopen and by denying his right to make a bill of exception or offer of proof.

Lewis provides no authority holding that there is a statutory right to reopen at a suppression hearing, and we have not found any. In fact, we agree with our sister court of appeals that code of criminal procedure article 36.02, which allows testimony to be introduced at any time before argument is concluded, does not apply to pretrial suppression hearings. *See Gilbert v. State*, 874 S.W.2d 290, 292–93

---

[3] ... Lewis has not briefed that the Texas constitution affords him any different protection that its federal counterpart; therefore we consider his claim as one based upon the Fourth Amendment to the United States Constitution. *See Welch v. State*, 93 S.W.3d 50, 52 & n.5 (Tex. Crim. App. 2002).

(Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).  Moreover, Lewis voluntarily rested without putting on any evidence, and he did not inform the trial court of the specifics of any testimony that he would have presented if allowed to reopen.  We overrule the first part of Lewis's third point.

Next, Lewis contends that the trial court erred by denying his request to make an offer of proof or bill of exception.  Specifically, he argues that he attempted to make an offer of proof regarding the testimony from Mitchell, which was excluded when the trial court denied Lewis's motion to reopen at the suppression hearing.

First we note that, under the rules, Lewis could have made a formal bill of exception up to sixty days after sentencing or up to ninety days afterward with a motion for new trial, yet he failed to avail himself of the opportunity.  *See* Tex R. App. P. 33.2(e)(2).

Second, although it is true that a party has an absolute right to make an offer of proof, *see Kipp v. State,* 876 S.W.2d 330, 333 (Tex. Crim. App. 1994), it is unclear from the record that Lewis intended to make such an offer. As the State points out in its brief, counsel for Lewis stated, "I'd object to the court denying our motion to reopen, and would ask that we be given an opportunity to proffer testimony *if we were allowed to reopen.*"  The State argues that Lewis was simply re-urging his motion to reopen and that if he was asking to present a bill, he was neither specific enough in his request to make the trial court aware of the substance of the evidence sought to be admitted nor asking for the opportunity to make a bill or offer of proof

7

for appellate or record purposes.  The State's point is well taken.  *See* Tex. R. Evid. 103(a)(2); Tex. R. App. 33.1(a)(1)(A); *Chambers v. State*, 866 S.W.2d 9, 27 (Tex. Crim. App. 1993), *cert. denied*, 511 U.S. 1100 (1994); *Fairow v. State*, 943 S.W.2d 895, 897 n.2 (Tex. Crim. App. 1997).  It is not apparent from the plain language or the context of the record what Lewis hoped to elicit from Mitchell, and Lewis did not make the trial court aware of what he expected to elicit.  Accordingly, we overrule the remainder of Lewis's third point.

## VII.  Conclusion

Having overruled all of Lewis's points on appeal, we affirm the judgment of the trial court.


BOB MCCOY
JUSTICE

PANEL:  GARDNER and MCCOY, JJ.; and WILLIAM BRIGHAM (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 19, 2010