**Donald Wayne ATKINS, Appellant**

v.

**The STATE of Texas, Appellee.**

No. 14–93–00300–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 7, 1996.

Arthur Jackson, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before YATES, FOWLER and O'NEILL, JJ.

## OPINION

YATES, Justice.

A jury found appellant Donald Wayne Atkins guilty of possession of a controlled substance. TEX.HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon 1992).[1] The trial court assessed punishment at six years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant alleges the trial court erred in: (1) denying his motion to suppress evidence of the cocaine; (2) denying his *Batson*[2] challenge to the jury; (3) submitting an instruction to the jury concerning the duties of peace officers; and (4) overruling his objection to the prosecutor's improper jury argument. Appellant also challenges the constitutionality of article 14.03(a)(4) of the Texas Code of Criminal Procedure, the statute upon which his arrest was predicated. We affirm.

In response to a "911" call, the Houston Police Department dispatched an officer to appellant's residence, where the officer arrested appellant for assaulting his common-law wife. Pursuant to the arrest, the officer conducted a weapons search. Finding no weapons, the officer transported appellant to the police station where he conducted another search of appellant's personal belongings. Inside appellant's wallet the officer found a baggie of cocaine.

▪ In his first point of error, appellant alleges the trial court erred in denying his motion to suppress evidence because the cocaine was obtained in a search incident to an illegal arrest. Appellant contends the arresting officer lacked probable cause to arrest him on the assault charge, and therefore, his arrest was illegal. In reviewing a ruling on a motion to suppress evidence, an appellate court views the evidence in the light most favorable to the trial court's ruling. *Green v. State,* 615 S.W.2d 700, 707 (Tex.Crim.App. 1980), *cert. denied,* 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981); *Posey v. State,* 763 S.W.2d 872, 874 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). Because the trial judge is the sole fact finder at a hearing on a motion to suppress evidence obtained in a search, an appellate court is not at liberty to disturb any finding supported by the record. *Rysiejko v. State,* 782 S.W.2d 529, 532 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). An appellate court will not reverse the trial judge's decision on the admissibility of the evidence unless the judge clearly abused his discretion. *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App.1990).

▪ State law, not federal law, governs the legality of an arrest so long as that law does not violate federal constitutional protections against unreasonable searches and seizures. *Amores v. State,* 816 S.W.2d 407, 413 (Tex.Crim.App.1991). In Texas, warrantless arrests are authorized only in limited circumstances, and are governed primarily by Chapter Fourteen of the Texas Code of Criminal Procedure. *Id.* At the hearing on appellant's motion to suppress, the State relied on articles 14.03(a)(2) and 14.03(a)(4) of the code of criminal procedure to support the officer's warrantless arrest. Articles 14.03(a)(2) and (4) provide in pertinent part:

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised health and safety code. *See* Acts 1993, 73rd Leg., Ch. 900, § 2.02. Therefore, all references to the health and safety code are to the code in effect at the time the crime was committed.

2. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

Any peace officer may arrest, without warrant:

... persons who the peace officer has probable cause to believe have committed an assault resulting in bodily injury to another person and the peace officer has probable cause to believe that there is danger of further bodily injury to that person;

... or persons who the peace officer has probable cause to believe have committed an assault resulting in bodily injury to a member of the person's family or household.

Tex.Code Crim.Proc.Ann. arts. 14.03(a)(2), (4) (Vernon Supp.1996).

In reviewing a warrantless arrest to determine the existence of probable cause, we look to the facts known to the officer at the time of the arrest. *Amores*, 816 S.W.2d at 415. Subsequently discovered facts or later-acquired knowledge, like the fruits of a search, cannot retrospectively serve to bolster probable cause at the time of the arrest. *Id.* Whether probable cause exists is determined by applying the totality of the circumstances test. *Id.* at 413. The State bears the burden to prove the existence of probable cause to justify a warrantless arrest or search. *Id.* An officer has probable cause to make an arrest when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, are sufficient themselves to warrant a person of reasonable caution in the belief that a particular person has committed or is committing an offense. *Id.*

Although the parties dispute many facts, both agree that when the officer arrived at the residence, he found appellant in the front yard and appellant's common-law wife inside the house nursing a small cut above her eye, which she received when appellant slapped her. At the hearing on the motion to suppress, the officer testified that both appellant and his wife stated that the wife called the police. He also said appellant's wife indicated that she wanted her husband arrested. The officer further stated that although appellant's behavior appeared to be normal, and not excited, he feared future violence because the couple had already argued, and the wife had already sustained an injury as a result of that argument. Based on these facts, we find the officer had probable cause to believe that appellant committed an assault upon his wife, and probable cause to believe the wife faced the danger of future injury. Therefore, the arrest was lawful under either provision of article 14.03.

Likewise, the search incident to appellant's arrest was lawful. Searches incident to an arrest are not limited as a matter of law to those made at the instant a suspect is taken into police custody. *Rogers v. State*, 774 S.W.2d 247, 264 (Tex.Crim.App.), *cert. denied*, 493 U.S. 984, 110 S.Ct. 519, 107 L.Ed.2d 520 (1989). When booked into a detention facility, and during periods of the detention, a suspect may be thoroughly searched without a warrant to make an inventory of his belongings, or for security reasons. *Id.*

Because the arrest and the search were lawful, the trial court did not abuse its discretion in denying appellant's motion to suppress the cocaine. Appellant's first point of error is overruled.

In his second point of error, appellant maintains the statute by which appellant was arrested, article 14.03(a)(4) of the Texas Code of Criminal Procedure, is unconstitutional as written and/or as applied to appellant because without a requirement of bodily harm, the statute is vague and overly broad. Without citing authority, appellant argues the statute violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Article 1, section 3a of the Texas Constitution because it grants law enforcement officials unbridled and arbitrary authority to subjectively arrest targeted individuals simply because they are members of a family and involved in a family quarrel.

A brief that is conclusory and cites no authority presents nothing for review. *Imo v. State*, 822 S.W.2d 635 (Tex. Crim.App.1991); *Pierce v. State*, 777 S.W.2d 399, 418 (Tex.Crim.App.1989), *cert. denied*, 496 U.S. 912, 110 S.Ct. 2603, 110 L.Ed.2d 283 (1990); *MacDonald v. State*, 761 S.W.2d 56,

60 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). Because appellant cites no specific authority to support this claim, we find this point of error to be inadequately briefed and decline to address it. *See Vuong v. State,* 830 S.W.2d 929, 940 (Tex.Crim.App.), *cert. denied,* 506 U.S. 997, 113 S.Ct. 595, 121 L.Ed.2d 533 (1992); Tex.R.App.P. 74(f). Appellant's second point of error is overruled.

In his third point of error, appellant contends the State struck three potential jurors solely because of their race, in violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits a prosecutor from exercising his peremptory challenges on the basis of race. *Id.; Powers v. Ohio,* 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991); Tex.Code Crim.Proc. Ann. art. 35.261 (Vernon 1989).

When reviewing the trial court's determination of a *Batson* challenge, we apply the clear error standard of review enunciated in *Emerson v. State,* 851 S.W.2d 269, 273 (Tex.Crim.App.1993) (citing *Vargas v. State,* 838 S.W.2d 552, 554 (Tex.Crim.App. 1992)). This standard requires that we defer to the trial court's finding on the prosecutor's discriminatory intent because that finding will largely turn on the evaluation of credibility. *Id.* Nevertheless, we determine whether the decision of the trial court is clearly erroneous by looking at the record to determine if it supports the court's findings. In doing so, we review the record, including voir dire, the racial makeup of the venire, the prosecutor's explanations, and the appellant's rebuttal and impeaching testimony. *Id.*

To raise a *Batson* challenge, a defendant must establish a prima facie showing of the State's discriminatory use of its peremptory challenge. *Emerson,* 851 S.W.2d at 271; *Harris v. State,* 827 S.W.2d 949, 955 (Tex.Crim.App.), *cert. denied,* 506 U.S. 942, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992). Once he makes a prima facie showing, the burden shifts to the State to articulate a race-neutral explanation for the use of the questioned peremptory strike. *Emerson,* 851 S.W.2d at 271–72. A race-neutral explanation is one based on something other than the race of the venireperson. *Chambers v. State,* 866 S.W.2d 9, 24 n. 16 (Tex.Crim.App.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1871, 128 L.Ed.2d 491 (1994) (quoting *Hernandez v. New York,* 500 U.S. 352, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991)). "At this step of the inquiry, the issue is one of facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." *Id.*

If the State articulates a race-neutral explanation, the defendant must establish purposeful racial discrimination by impeaching or rebutting the explanation or showing that the explanation is merely a pretext for discrimination. *Williams v. State,* 804 S.W.2d 95, 101 (Tex.Crim.App.), *cert. denied,* 501 U.S. 1239, 111 S.Ct. 2875, 115 L.Ed.2d 1038 (1991). The trial court must then decide whether the defendant has proved purposeful racial discrimination. *Purkett v. Elem,* —— U.S. ——, ——, 115 S.Ct. 1769, 1770–71, 131 L.Ed.2d 834 (1995). At this step, the persuasiveness of the State's justification in exercising the peremptory strike becomes relevant. *Id.* However, the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike. *Id.*

On appeal, appellant challenges the State's use of its peremptory strikes to exclude venirepersons Number 6, Lawrence Green, Number 7, Thawather McMillian, and Number 9, Larry Davis. However, at the conclusion of the hearing on his *Batson* motion, appellant waived his objection to the State's exercise of its peremptory challenge against McMillian and told the court he was objecting only to the exclusion of Green and Davis. To preserve error, an adverse ruling on an objection must be obtained in the trial court. Tex.R.App.P. 52(a); *Chappell v. State,* 850 S.W.2d 508 (Tex.Crim.App.1993). Consequently, appellant's explicit waiver of his objection to the State's exclusion of McMillian precludes appellant from resurrecting this objection on appeal.

As to the remaining peremptory strikes, the prosecutor stated that he struck

Green, and three other potential jurors, because they stated that they could not accept the testimony of an arresting police officer if the individual who called the police did not also testify. The prosecutor stated he struck Davis because Davis did not seem to understand a hypothetical posed during voir dire, he believed the State must prove its case "beyond all doubt," and he was unresponsive. Although appellant questioned the prosecutor as to each peremptory challenge, and clearly disagreed with the prosecutor's explanations, he neither offered evidence to rebut the facially race-neutral explanations nor showed that racial discrimination was a pretext for the strike; thus, appellant failed to prove the existence of purposeful discrimination. Applying the clear error standard, we find the trial court did not err in denying appellant's *Batson* challenge. Point of error three is overruled.

■ In his fourth point of error, appellant maintains that the trial court erred by including in the jury charge the following provision from article 5.04 of the Texas Code of Criminal Procedure:

[You are instructed that] the primary duties of a peace officer who investigates a family violence allegation or who responds to a disturbance call that may involve family violence are to protect any potential victim of family violence, enforce the law, and make lawful arrests of violators.

*See* TEX.CODE CRIM.PROC.ANN. art. 5.04 (Vernon Supp.1995). Appellant contends the instruction begs the question and calls for the jury to assume an officer makes a lawful arrest each and every time he responds to a disturbance call. We disagree.

In addition to the instruction above, the trial court specifically instructed the jury to look at the totality of the circumstances to determine whether the officer had probable cause to arrest appellant. The trial court further instructed the jury that they must find beyond a reasonable doubt that the officer had probable cause to believe appellant assaulted his wife before considering the evidence obtained in the search of appellant. Both parties agree an objective consideration of the totality of the circumstances is necessary to determine whether the officer's ac-

tions were justified by probable cause. By instructing the jury as to the duties of a peace officer and the necessity of finding probable cause, the trial court afforded the jury the opportunity to objectively consider whether the officer had probable cause to arrest appellant. Appellant's fourth point of error is overruled.

■ In his final point of error, appellant alleges the trial court erred by overruling his objection to the prosecutor's comment during closing argument at the guilt-innocence stage of the trial. The record reflects the following exchange during closing argument:

(The State) And if you go back there and feel sorry for this man, feel sorry for his wife, worry about this man's criminal record—

MR. JACKSON (Defense Attorney): I object to that as to the expression "feeling sorry." There's considered evidence and "feeling sorry" has no place in this argument.

THE COURT: Sustained.

THE STATE: It has no place, sympathy has no place in this part of the trial. That's exactly right; that's what I was pointing out. *This man may not even get jail time in this case. I mean, the Judge can give this man probation* (emphasis added).

MR. JACKSON: I object to that, Your Honor. I object, I ask for a mistrial. I object to that.

THE COURT: That's overruled. Please stay on the record.

Appellant maintains the statement that the judge may grant appellant probation in lieu of jail time was an improper explanation of the range of punishment, and was extremely prejudicial to him. We agree that the prosecutor's argument was improper.

■ The four general areas of permissible jury argument include the summation of evidence, reasonable deduction from the evidence, answer to the argument of opposing counsel, and a plea for law enforcement. *Cook v. State,* 858 S.W.2d 467, 476 (Tex.Crim. App.1993). The prosecutor's statement did not fall within these four general areas.

Moreover, statements concerning probation during the closing arguments of the guilt-innocence phase of trial are improper. *See Phillips v. State*, 511 S.W.2d 22, 29 (Tex. Crim.App.1974). Likewise, argument which invites the jury to ignore their duty to decide guilt or innocence because punishment is the only real issue in the case is harmful error. *Cherry v. State*, 507 S.W.2d 549 (Tex.Crim. App.1974); *Kelly v. State*, 903 S.W.2d 809 (Tex.App.—Dallas 1995, no pet.). Thus, the trial court erred in overruling appellant's objection to the statement.

A finding of error mandates reversal, "unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment." TEX.R.APP.P. 81(b)(2); *Orona v. State*, 791 S.W.2d 125, 130 (Tex.Crim.App.1990). In determining whether error is harmless, we are not to focus on the propriety of the outcome of the case, but instead should be concerned with the integrity of the process leading to the conviction. *Harris v. State*, 790 S.W.2d 568, 587 (Tex.Crim.App.1989). First, the reviewing court must isolate the error and all of its effects. Second, the court must ask whether a rational trier of fact might have reached a different result if the error and its effects had not resulted. *Id.* at 588. Factors the court should consider include: (1) the source of the error; (2) the nature of the error; (3) whether or to what extent it was emphasized by the State; (4) the error's probable collateral implications; (5) how much weight a juror would probably place on the error; and (6) whether declaring the error harmless would encourage the State to repeat it with impunity. *Id.* at 587. If the error is of a magnitude that it disrupted the jury's orderly evaluation of the evidence, no matter how overwhelming the evidence might have been, the conviction is tainted. *Id.* at 588.

Having identified the error and the nature of the error, we cannot say that a rational trier of fact might have reached a different result. The record does not indicate that the State intentionally attempted to taint the trial process with improper argument concerning the likelihood of probation, nor was this argument emphasized or re-

peated after the trial court overruled appellant's objection. *Compare Holliman v. State*, 879 S.W.2d 85 (Tex.App.—Houston [14th Dist.] 1994, no pet.) (harmful error found where prosecutor continued to advance and emphasize the improper argument). Instead, the record reflects a passing remark that was an unartful attempt to warn the jury to disregard appellant's possible punishment in determining his guilt or innocence. Therefore, we find the possible impact of the error on the jury was minimal. Appellant's fifth point of error is overruled.

Accordingly, the judgment of the court below is affirmed.