**David E. FREEMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–97–479 CR**

Court of Appeals of Texas, Beaumont.

Submitted on Nov. 30, 1998.

Decided Jan. 6, 1999.

Rehearing Overruled Feb. 18, 1999.

Bruce Hoffer, Beaumont, for appellant.

Charles Roach, District Attorney, Kountze, for state.

Before WALKER, C.J., BURGESS, and STOVER, JJ.

## OPINION

DON BURGESS, Justice.

A jury convicted David Freeman of aggravated sexual assault and sentenced him to five years' confinement in the Texas Department of Criminal Justice—Institutional Division. Freeman appeals raising nine points of error.

We will first address Freeman's third point of error as it is dispositive of this case. Freeman argues in his third point the trial court erred in overruling several of his objections to the State's closing argument. The

1. The State is referring to voir dire.

first instance complained of is the one with which we are presently concerned.

In closing argument, in the guilt/innocence phase of the trial, the State informed the jury that the charge would contain an instruction on Indecency with a Child and explained the difference between that crime and Aggravated Sexual Assault in relation to the case before them. The State then proceeded to say, "And what that means is that—Aggravated Sexual Assault of a Child, we talked about the range [1] from probation up to life. With Indecency With a Child, the punishment range would be from probation to 20 years." Defense counsel objected to the comment about punishment range and the trial court overruled his objection. Thus error was preserved. TEX. R. APP. P. 33.1(a); *Ethington v. State,* 819 S.W.2d 854, 858 (Tex. Crim.App.1991).

"It is improper to discuss ranges of punishment during the guilt-innocence stage of a trial involving two or more offenses because it encourages the jury to convict on the basis of the amount of punishment, rather than the facts supporting guilt." *Bruton v. State,* 921 S.W.2d 531, 536 (Tex.App.— Fort Worth 1996, pet. ref'd)(citing *McClure v. State,* 544 S.W.2d 390, 393 (Tex.Crim.App. 1976)). *See also Atkins v. State,* 919 S.W.2d 770, 776 (Tex.App.—Houston [14th Dist.] 1996, no pet.); *Hinkle v. State,* 779 S.W.2d 504, 509 (Tex.App.—Beaumont 1989, pet. ref'd). We therefore find the trial court erred in overruling defense counsel's objection.

Pursuant to TEX. R. APP. P. 44.2, we now decide whether that error is reversible. As the *Bruton* court noted "the harm from such remarks generally will be cured by an instruction to disregard...." *Bruton,* 921 S.W.2d at 536. Likewise, in *Hinkle,* this court found that although the comment on punishment range was improper, the error was sufficiently cured when the trial court sustained the objection and instructed the jury to disregard. *Hinkle,* 779 S.W.2d at 509. However, unlike those cases, here we have no instruction to disregard because the trial court erroneously overruled defense

counsel's objection. Although the State did not repeat or emphasize the improper comment, the trial court took no action "curing" the error. Instead, by overruling the objection, the trial court gave the jury the impression the punishment range was properly placed before them by the State.

We place particular importance upon the fact that in this case, as in *McClure* and *Bruton,* the jury was charged to consider a lesser included offense, carrying a lesser range of punishment. We in no way wish to promote, and in fact are obligated to discourage, the State from encouraging the jury to convict the defendant of the greater offense based on the amount of punishment. Considering the source of the error, the nature of the error, the collateral implications of the error, the weight a juror would probably place on the error, and our fear that declaring the error harmless would encourage the State to repeat the error, we are unable to find the error was harmless. *See Atkins,* 919 S.W.2d at 777. We find the error affected a substantial right of the appellant, namely to have guilt determined *only* on the facts supporting guilt, not on the potential punishment. Point of error three is sustained.

None of Freeman's remaining points of error, if sustained, would entitle him to any greater relief. It is therefore unnecessary to address them. The judgment of the trial court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.