Affirmed and Memorandum Opinion filed June 19, 2003














Affirmed and
Memorandum Opinion filed June 19, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00464-CR

____________

 

CHUONG HUE NGUYEN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

_______________________________________________

 

On Appeal from
the 268th District Court

Fort Bend County, Texas

Trial Court
Cause No. 32,590

 

_______________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant Chuong
H. Nguyen was convicted by a jury of the offense of felony theft and sentenced
to eight years’ confinement with a $5,000 fine. 
In a multifarious point of error, appellant challenges the
constitutionality of his conviction.  We
affirm.

I.  Background

            Appellant owned and operated KNT
Computers.  An acquaintance of the
appellant, Byron Reap, was approached by the Houston Police Department about
participating in a sting operation to apprehend appellant buying stolen
computer parts.  Reap sought to cooperate
with authorities in exchange for leniency by introducing an undercover officer
to appellant.  To appellant, Reap stated
that the officer had some stolen computer equipment that appellant could
purchase.  Appellant agreed to purchase
the stolen parts from the undercover officer, and upon doing so, he was
arrested.

            Before trial, the district court
granted appellant’s motion to inspect, examine and test physical evidence, but
appellant claims that his efforts to examine the evidence were stifled by the
police department. At trial, several witnesses, including two undercover
officers as well as Reap, testified about appellant’s commission of the
offense.  At the punishment phase of the
trial, appellant admitted to purchasing computer parts that he knew were stolen
property in an attempt to resell them for personal gain.

            This pro se appeal ensued.

II.  Waiver
of Appellate Review

          In appellant’s multifarious point
of error, he alleges a “[v]iolation of the due
process protections provided by the Fifth and Fourteenth Amendments to the
United States Constitution, Article I, Sections 10, 13 and 19 of the Texas
Constitution, and Articles 1.04 and 1.05 of the Texas Code of Criminal
Procedure.”  Under this broadly framed
issue, he contends the State denied him the right to a fair trial, the right to
confrontation, the right to prepare a defense, the right to effective
assistance of counsel and due process of law. 
The gravamen of appellant’s constitutional
challenge is the assertion that had he been able to inspect, examine, and test
the physical evidence used at trial, he would have been able to develop a
defense.  Because appellant has not provided
separate arguments or authority on his constitutional claims, we need not
review each constitutional challenge independently.  Lape v. State, 893
S.W.2d 949, 954 n.2 (Tex. App.—Houston [14th Dist.] 1994,
pet. ref’d).

            Considering his constitutional claims
together, we must overrule appellant’s point of error because he cites no
authority for this proposition.  Bell v. State, 90 S.W.3d 301, 305 (Tex. Crim. App. 2002) (noting that “[i]t
is not sufficient that appellant raise only a general constitutional doctrine
in support of his request for relief”). 
Indeed, in the entirety of his brief to this court, appellant cites not
a single case in support of his legal contentions.  It is incumbent upon appellant to cite
specific legal authority and to provide legal arguments based upon that
authority.  Id.  Appellant’s mere references to the United
 States and Texas Constitutions, or to
various constitutional doctrines, are insufficient to preserve error on
appeal.  Id.  Thus, appellant’s conclusory
arguments, in the absence of any supporting authority or case law, are
inadequately briefed and therefore present nothing for our review.  See Vuong v. State, 830 S.W.2d 929, 940 (Tex. Crim. App. 1992); Atkins
v. State, 919 S.W.2d 770, 774–75 (Tex. App.—Houston [14th Dist.] 1996, no
pet.).  Because appellant cites no state
or federal case law, he has waived appellate review by inadequately briefing
his points of error.  See TEX. R. APP. P.
38.1(h).  Accordingly, appellant’s
point of error is overruled.  To the
extent that appellant’s brief could be read as advancing multiple points of
error, they are overruled on the same grounds.

Conclusion

For the foregoing reasons, the judgment of the trial
court is affirmed.

 

 

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment rendered and Memorandum
Opinion filed June 19,
 2003.

Panel consists of Justices
Anderson, Seymore, and Guzman.

Do Not Publish — Tex. R. App. P. 47.2(b).