ACCEPTED
14-14-00391-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
8/25/2015 6:06:31 PM
CHRISTOPHER PRINE
CLERK

**NOS. 14-14-00391-CR**
**14-14-00392-CR**

**IN THE COURT OF APPEALS**

**FOR THE**

**FOURTEENTH DISTRICT OF TEXAS**

**HOUSTON, TEXAS**

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

8/25/2015 6:06:31 PM

CHRISTOPHER A. PRINE
Clerk

**HOWARD MARTIN HARRIS, APPELLANT**

**VS.**

**THE STATE OF TEXAS, APPELLEE**

**APPELLANT'S MOTION FOR REHEARING**

**TRIAL COURT CAUSE NUMBERS 12CR1863 AND 14CR0154**
**IN THE 212TH DISTRICT COURT OF**
**GALVESTON COUNTY, TEXAS**

SEARS & BENNETT, LLP
JOEL H. BENNETT
STATE BAR NO. 00787069
1100 NASA PARKWAY, SUITE 302
HOUSTON, TEXAS 77058
(281) 389-2118
FAX (866) 817-5155
joel@searsandbennett.com

Attorneys for HOWARD MARTIN HARRIS

## LIST OF PARTIES

| | |
|---|---|
| Presiding Judge | Honorable Bret Griffin |
| Appellant | Howard Martin Harris |
| Appellee | The State of Texas |
| Attorney for Appellant (Trial only) | Ms. Stacy Valdez<br>711 W. Bay Area Blvd., Ste 600<br>Houston, Texas 77598 |
| Attorney for Appellant (Appeal only) | Mr. Joel H. Bennett<br>Sears & Bennett, LLP<br>1100 Nasa Parkway, Suite 302<br>Houston, Texas 77058 |
| Attorney for Appellee (Trial only) | Ms. Candice Freeman<br>Ms. Paul Love<br>Galveston County Criminal District Attorney's Office<br>600 59th Street, Suite 1001<br>Galveston, Texas |
| Attorney for Appellee (Appeal only) | Ms. Rebecca Klaren<br>Galveston County Criminal District Attorney's Office<br>600 59th Street, Suite 1001<br>Galveston, Texas |

## CITATION TO THE RECORD

Clerk's Record (12CR1863) ..................... C.R.I (volume and page)

Clerk's Record (14CR0154) .................... C.R.II (volume and page)

Reporter's Record ............................ R.R. (volume and page)

## TABLE OF CONTENTS

**PAGE**

List of Parties ........................................ ii

Table of Contents ...................................... iii

List of Authorities .................................... iv

Appellant's Sole Ground for Rehearing .................. 6

> **APPELLANT RESPECTFULLY SUBMITS THAT THE ORIGINAL OPINION OF THIS COURT OMITS THE KEY AND UNDISPUTED FACT THAT PROVES THAT THE COMPLAINANT WAS NOT IN DANGER OF FURTHER BODILY INJURY AT THE TIME OF THE WARRANTLESS ARREST.**

Argument and Authorities ............................... 6

Certificate of Service ................................. 13

# LIST OF AUTHORITIES

**CASES**

*Amores*, 816 S.W.2d at 415 ................................. 10

*Anderson v. State*, 932 S.W.2d 502, 506 (Tex. Crim. App. 1996) ................................................. 11

*Atkins v. State*, 919 S.W.2d 770, 774 (Tex. App.—Houston [14th Dist.] 1996, no pet. ........................... 10

*Brown v. State*, 481 S.W.2d 106, 109 (Tex. Crim. App. 1972) ................................................. 10

*Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1923) ...................................... 10

*Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) ................................... 10

*Crane v. State*, 786 S.W.2d 338, 346 (Tex. Crim. App. 1990) ................................................. 11

*Hernandez v. State*, 14-00-00134-CR, 2002 WL 58823 (Tex. App.—Houston [14th Dist.] Jan. 17, 2002, no pet.)(not designated for publication) ........................... 11

*McClatchy v. State*, 758 S.W.2d  328, 330 (Tex. App.- Houston [14TH Dist.] 1998, pet. ref'd) .................. 7

*Randolph v. State*, 152 S.W.3d 764, 771-73 (Tex. App.—Dallas 2004, no pet.) ........................... 7

*Stoddard v. State*, Tex. Crim. App., 475 S.W.2d 744 ...... 10

*Wilson v. State*, 621 S.W.2d 799, 803-04 (Tex. Crim. App. 1981) ................................................. 11

**STATUTES**

*Tex. Code Crim. Proc. Ann. art. 14.01 14.03 (Vernon 1977)* 11

NOS. 14-14-00391-CR
14-14-00392-CR

---

IN THE

COURT OF APPEALS

FOR THE

FOURTEENTH DISTRICT OF TEXAS

HOUSTON, TEXAS

---

HOWARD MARTIN HARRIS, Appellant

v.

THE STATE OF TEXAS, Appellee

---

Appealed from 212TH District Court
of Galveston County, Texas
Cause Nos. 12CR1863 and 14CR0154

---

APPELLANT'S MOTION FOR REHEARING

---

**TO THE HONORABLE COURT OF APPEALS:**

Now comes Howard Martin Harris, by and through his attorney of record Joel H. Bennett, of Sears & Bennett, LLP, and files this Motion for Rehearing.

Appellant respectfully moves this Court for a rehearing in these cases. The Court accurately sets forth the law

related to a warrantless arrest with regards to a danger of further bodily injury. Appellant submits that key and undisputed factual issue of this case was not addressed in the Court's opinion. The key factual issue distinguishes this case from those cited in the Court's opinion and should lead to a different result.

## APPELLANT'S SOLE ISSUE REGARDING REHEARING

**APPELLANT RESPECTFULLY SUBMITS THAT THE ORIGINAL OPINION OF THIS COURT OMITS THE KEY AND UNDISPUTED FACT THAT PROVES THAT THE COMPLAINANT WAS NOT IN DANGER OF FURTHER BODILY INJURY AT THE TIME OF THE WARRANTLESS ARREST.**

## ARGUMENT AND AUTHORITIES

The opinion of the Court accurately sets forth the law related to the warrantless arrest of Appellant. Appellant was arrested without a warrant on the grounds that an assault occurred and there was a danger of further bodily injury to the victim. The Court's opinion correctly states, "Thus, whether appellant's arrest was illegal (and his resulting statement should be suppressed) hinges on whether the arresting officers had probable cause ***at the time of the arrest*** to believe that ***there was a danger of further bodily injury to the victim***." p. 6 (Emphasis

added).

The key issue raised by Appellant was that, under specific facts of this case, there was no threat of future danger to the complainant at the time of the warrantless arrest. The complainant was safely and securely located inside the Dickinson Police Department at the time Appellant was arrested. The complainant was not at risk of future danger when the police decided to arrest Appellant without a warrant.

The cases cited by the Court are *Randolph v. State, 152 S.W.3d 764, 771-73 (Tex. App.—Dallas 2004, no pet.)* and *McClatchy v. State, 758 S.W.2d 328, 330 (Tex. App.-Houston [14TH Dist.] 1998, pet. ref'd)*. Both of these cases are factually distinguishable from the present. In *Randolph*, the complainant was home at the time the defendant in that case returned home and he was arrested due to the threat of further violence. In *McClatchy*, the defendant assaulted the complainant in her own home and he was gone when the police arrived at the residence. He was later arrested at a motel room. The Court held that the arrest was lawful due to the threat that the defendant

7

might return to the complainant's home and commit a future assault. The fact that the officers responded to another call prior to proceeding to the motel to arrest the defendant did not vitiate the threat of future violence.

In the present case, the complainant was located inside the Dickinson Police Department. Neither the trial court findings nor this Court's opinion addressed how the complainant was in danger of further violence at the time of Appellant's arrest. The facts of the case affirmatively disprove the threat of future violence at the time of the arrest.

This is not a situation where the defendant could return to the home of the complainant and renew an assault. Nor is it a situation where the defendant could track down the complainant to renew the assault. At the key point in time—the specific time Appellant was arrested—there was no possible danger of further bodily injury to the victim.

Appellant even agrees that it could be argued that the complainant in the present case may be in danger if she left Appellant's house and went back to her home. Although there is no evidence that Appellant knew where she lived or

8

how to find her; but, based upon the evidence that "they were friends", one could infer that he may know how to locate her.

As argued in Appellant's original brief, the complainant was at the police station, surrounded by law enforcement officers. Unless Appellant was going storm the Dickinson Police Department, the complainant was safe at that time from any danger of further bodily injury. This is the crucial and undisputed fact that should lead to a different result in Appellant's case. The two cases cited by the Court in its opinion are factually distinguishable. Both of the complainants in those two cases (*Randolph* and *McClatchy*) were assaulted in there own homes and remained in their homes after the assault.

But the specific facts of this case are drastically and critically different. All the officers knew, beyond any doubt, that the complainant was not in danger of future violence at the time he was arrested. To determine whether a particular warrantless arrest is legal or not, the Court of Appeals must look at **all the facts** known to the officers at the time of the arrest. "In reviewing a warrantless

arrest to determine the existence of probable cause, we look to the facts known to the officer at the time of the arrest. *Amores, 816 S.W.2d at 415*...Whether probable cause exists is determined by applying ***the totality of the circumstances test***. *Id. at 413*. The State bears the burden to prove the existence of probable cause to justify a warrantless arrest or search. *Id." Atkins v. State, 919 S.W.2d 770, 774 (Tex. App.—Houston [14th Dist.] 1996, no pet*. (Emphasis added).

The simple fact that there is a statutory exception to the warrant requirement does not automatically mean that the exception applies in every case. "In order for a warrantless arrest or search to be justified, the state must show the existence of probable cause at the time the arrest or search was made and the existence of circumstances which made the procuring of a warrant impracticable. *E.g. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1923); Stoddard v. State, Tex. Crim. App., 475 S.W.2d 744." Brown v. State, 481 S.W.2d 106, 109 (Tex. Crim. App. 1972)*. The

statutory exception does not overrule the Constitutional requirements of the necessity of a warrant. It merely defines a particular set of facts that meet the requirement of "impracticality" to obtain the warrant.

"Generally, an arrest or search without a valid arrest warrant is unreasonable. *See Wilson v. State, 621 S.W.2d 799, 803-04 (Tex. Crim. App. 1981)*. However, this rule has several exceptions. *See Tex. Code Crim. Proc. Ann. art. 14.01 14.03 (Vernon 1977)*. An officer may make a warrantless arrest or search if (1) there is probable cause and (2) the arrest falls within the provision of one of the statutes authorizing a warrantless arrest. *Anderson v. State, 932 S.W.2d 502, 506 (Tex. Crim. App. 1996); McGee v. State, 23 S.W.3d 156 (Tex. App.-Houston [14th Dist.] 2000, pet. granted)*. The State must show the existence of probable cause at the time of the arrest or search and the existence of circumstances which made the procuring of a warrant impracticable. *Crane v. State, 786 S.W.2d 338, 346 (Tex. Crim. App. 1990)*." *Hernandez v. State, 14-00-00134-CR, 2002 WL 58823 (Tex. App.— Houston [14th Dist.] Jan. 17, 2002, no pet.)(not designated for publication)*.

11

It is the second prong of the statutory exception that the State failed to prove. Specifically, that there was a danger of future violence to the complainant **at the time Appellant was arrested**. As this Court held in *Atkins*, *supra*, it is the State that bears the burden to prove the existence of probable cause to justify the warrantless arrest under the **totality of the circumstances**. The linchpin of this case is the location of the complainant and the inability of Appellant to cause her future bodily injury at the time of the arrest. At the time Appellant was arrested, the complainant was safely and securely located at the Dickinson Police Department and in the presence of numerous law enforcement officers. The complainant was in absolutely no danger of further bodily injury from Appellant at the time of his arrest. Without such danger of future bodily injury, the warrantless arrest was not authorized by law.

For all the foregoing reasons, Appellant moves this Court to grant a rehearing in this matter and after due consideration, sustain Appellant's Sole Issue on appeal, that the case be reversed, and the case remanded for further

12

proceedings.

Respectfully submitted,

SEARS & BENNETT, LLP

/s/ Joel H. Bennett
JOEL H. BENNETT
Texas State Bar No. 00787069
1100 Nasa Parkway, Suite 302
Houston, Texas 77058
Telephone: (281) 389-2118
Facsimile: (866) 817-5155
joel@searsandbennett.com

ATTORNEY FOR HOWARD MARTIN
HARRIS

**CERTIFICATE OF SERVICE**

I hereby certify that Appellant's Motion for Rehearing has been served upon Allison Lindblade and Rebecca Klaren at the Galveston County Criminal District attorney's office on this the 25th day of August, 2015 by email to Allison.lindblade@co.galveston.tx.us.          and Rebecca.klaren@co.galveston.tx.us.

/s/ Joel H. Bennett
Joel H. Bennett

**<u>Certificate of Compliance</u>**

In compliance with TRAP 9.4(i), I certify that the word count in this reply brief is approximately 1832 words.

/s/ Joel H. Bennett
Joel H. Bennett