**Affirmed and Memorandum Opinion filed October 24, 2017.**



In the

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

**NO. 14-16-00564-CR**
**NO. 14-16-00565-CR**

_____

**DELORE GUIDRY, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1455385 & 1455386**

## M E M O R A N D U M   O P I N I O N

In two separate cases consolidated for trial, a jury convicted appellant Delore Guidry, Jr., of indecency with a child—a second-degree felony. *See* Tex. Penal Code Ann. § 21.11(a)(1), (d) (West 2011). Appellant was sentenced to four years' confinement in each case, to run concurrently. Appellant brings a single identical issue on appeal in each case: that the trial court erred by failing to grant a mistrial at

the punishment phase of the trial after sustaining appellant's objection to the State's closing argument and giving an instruction to disregard. We affirm.

## I.   BACKGROUND

The two complainants, A.M. and T.G., are minors. Appellant previously had been married to T.G.'s grandmother. Complainants both testified that, while at T.G.'s grandmother's house, appellant touched them on their genitals and breasts. The touching occurred in 2013 and 2014. Complainants further stated appellant threatened them that they would "go to jail" if they told anyone. A jury convicted appellant in each case. Appellant was sentenced to four years' confinement in the Institutional Division of the Texas Department of Criminal Justice in each case, to run concurrently. Appellant timely appealed.

## II.   ANALYSIS

In his sole issue, appellant argues that the trial court erred by failing to grant a mistrial at the punishment phase after sustaining appellant's objection to the State's improper jury argument and giving an instruction to disregard.

At the punishment phase, both the State and appellant reurged their respective evidence from the guilt/innocence phase. During the State's closing argument, the following exchange occurred:

> THE STATE: These are serious matters that we're here for and the seriousness continues and the first thing I want to bring to your attention is just to tell you that the range of two to 20 is not a range that is—the Legislature gave and said this is the range of punishment only for the crime of indecency with a child by contact. Two to 20 range is a range for all second-degree felonies, okay? Second-degree felonies can include a felony offense of drug possession for certain types of drugs in an amount, say four to 200-grams of cocaine. That would be a second-degree felony offense.
>
> [DEFENSE COUNSEL]: I object to describing other offenses.

2

THE COURT: Sustained.

[DEFENSE COUNSEL]: I ask the jury be instructed to disregard.

THE COURT: Ladies and gentlemen, disregard the last statement. Do not consider it for any purpose.

[DEFENSE COUNSEL]: Move for mistrial.

THE COURT: Denied.

Appellant argues the State impliedly asked the jury to sentence him at the higher end of the punishment range by referencing other crimes that the legislature has categorized as second-degree felonies. Also, according to appellant, the State's reference to other crimes suggested the jury punish appellant for reasons other than the facts of his cases and based on an irrelevant comparison to other second-degree felonies. Appellant contends this argument was so severe, injurious, and prejudicial that "[t]here was no way" the instruction to disregard could have cured the harm.

Appellant further contends that the following discussion during the State's closing argument after the denial of the mistrial "magnified the harm":

> [THE STATE]: What I want to say to you is that there are other second-degree offenses, not just this offense. And so what you were permitted to consider when you're considering the punishment in this case is, if the Legislature had said that this type of child abuse, child sexual abuse is a second-degree felony, it's a very serious second-degree felony charge and I would urge you to consider it that way, that the—any offense any sexual offense that involves the victimization of children is incredibly serious and significant and I know you know that.

Appellant did not object to the above portion of the State's closing argument.

The State argues that appellant's general objection at trial was not sufficiently specific to preserve appellant's complaint on appeal. The State further asserts that the challenged argument was not improper or unduly prejudicial. We will assume without deciding that appellant's complaint was preserved.

3

A mistrial is a device used to halt trial proceedings where error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1070 (2000); *Smith v. State*, 491 S.W.3d 864, 872 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). We review the denial of a motion for mistrial for an abuse of discretion. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007); *Smith*, 491 S.W.3d at 872. We must uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010), *cert. denied*, 564 U.S. 1020 (2011). "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). Mistrial is only the proper remedy when the improper argument is so inflammatory that curative instructions are not likely to prevent the jury from being unfairly prejudiced against the defendant. *Archie*, 340 S.W.3d at 739. We determine whether a given error necessitates a mistrial by examining the particular facts of the case. *Ladd*, 3 S.W.3d at 567; *Smith*, 491 S.W.3d at 872.

"It is well established that proper jury argument must fall within one of the following categories: (1) summary of the evidence; (2) reasonable deduction from the evidence; (3) in response to argument of opposing counsel; and (4) plea for law enforcement." *Borjan v. State*, 787 S.W.2d 53, 55 (Tex. Crim. App. 1990) (per curiam). A proper plea for law enforcement may take many forms. *Id.* In making a plea for law enforcement, the State may argue the relationship between the jury's verdict and: (1) the deterrence of crime in general, (2) the deterrence of specific crimes, (3) the impact on the community at large, or (4) the impact on narrower segments of the community, including children. *Carmen v. State*, 358 S.W.3d 285, 300 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (citing *Borjan*, 787 S.W.2d at

4

55–56). Argument exceeding these bounds is improper, and the trial court commits error when it (1) overrules an objection to such argument, (2) refuses an instruction to disregard after sustaining an objection to the argument, or (3) fails to grant a mistrial necessitated because of the argument. *See Watts v. State*, 371 S.W.3d 448, 457 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

However, an improper argument "will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding." *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000), *cert. denied*, 532 U.S. 944 (2001). The reviewing court employs rule 44.2(b)'s nonconstitutional harm analysis; unless the improper argument affected the defendant's substantial rights, it must be disregarded. Tex. R. App. P. 44.2(b); *Martinez v. State*, 17 S.W.3d 677, 692–93 (Tex. Crim. App. 2000). We consider: (1) the severity or prejudicial effect of the improper argument, (2) any curative measures, and (3) the likelihood of the same punishment being assessed absent the misconduct. *Hawkins*, 135 S.W.3d at 77 (applying *Martinez* factors to noncapital cases).

We conclude that the State's argument was an answer to opposing counsel's argument, a plea for law enforcement, or both. During closing, defense counsel informed the jury that the range of punishment was two to twenty years. *See* Tex. Penal Code Ann. § 12.33(a) (West 2011). He argued that the jury only should consider assessing punishment at the higher end of the spectrum where a defendant has prior felony or sexual offenses. Defense counsel also pointed out that the legislature had decided appellant's offense was not the type of felony where he could be assessed probation. Since appellant had committed no prior offenses and was not

5

eligible for probation, defense counsel requested that the jury assess punishment on the "lower end of the spectrum."

In its closing, the State attempted to convey the serious nature of appellant's offense in direct response to defense counsel's argument that the jury assess appellant's punishment on the "lower end" given his lack of criminal history and the legislature's decision to disallow probation. *See Johnson v. State*, 987 S.W.2d 79, 83–84 & n.1 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (noting that "[t]he responsive nature of the State's comment emerges when the arguments of defense counsel and the prosecutor are compared"). The State's argument was an attempt to highlight the seriousness of the second-degree felony offense for which appellant was convicted by placing it in context with other second-degree felony offenses. "The prosecutor may express an opinion on the serious nature of the offense by contrasting it with other cases or crimes in general, as long as the prosecutor does not delve into the details of the other cases or crimes." *Robbins v. State*, 145 S.W.3d 306, 315 (Tex. App.—El Paso 2004, pet. ref'd) (citing *Rodriguez v. State*, 90 S.W.3d 340, 364 (Tex. App.—El Paso 2001, pet. ref'd)); *see also Watts v. State*, 680 S.W.2d 667, 670–71 (Tex. App.—Fort Worth 1984, pet. ref'd) (where range of punishment was 5 to 99 years or life for first-degree felony, no error in overruling objection and denying mistrial where State argued, "Isn't this crime at least an average first degree felony?"). In addition, the State's argument for a higher range of punishment in response to defense counsel's argument to provide the minimum sentence has been held to be a legitimate plea for law enforcement. *See Vanderhorst v. State*, 821 S.W.2d 180, 186 (Tex. App.—Eastland 1991, pet. ref'd).

Additionally, even if the State's argument was improper, we conclude that any error was harmless. The factors set forth in *Martinez* do not weigh in favor of finding that appellant's substantial rights were affected. First, the State's improper

6

argument, if any, does not amount to severe misconduct. It was defense counsel who first brought up the legislature and what punishment was or was not available for appellant's offenses. Moreover, even including the additional unobjected-to statement, the statements were an isolated portion of the State's closing argument. *See Torres v. State*, 92 S.W.3d 911, 924 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). The State also presented argument related to the long-lasting impact of appellant's offenses on the lives of complainants and their families, the lack of any evidence to corroborate appellant's medical conditions and alleged inability to repeat the offenses, and the ability of the jury by its verdict to prevent these offenses from happening to other children in the future. And contrary to appellant's position, the State did not ever ask the jury to disregard the applicable range of punishment of two to twenty years, which range was properly reflected in the jury charges. Nor did the State inject any additional facts. Instead, at the end of its closing argument, the State urged the jury, within the applicable punishment range, to consider the facts at hand and make a "choice that is fitting with what you heard and what you know."

As for curative measures, the trial court sustained appellant's objection and immediately instructed the jury to disregard the State's statement. Where the trial court instructs the jury to disregard, we presume that the jury will follow such instruction and that such instruction sufficiently cures improper argument. *See Wesbrook*, 29 S.W.3d at 115–16; *Corwin v. State*, 870 S.W.2d 23, 37 (Tex. Crim. App. 1993), *cert denied*, 513 U.S. 826 (1994). Nothing in this records of these cases suggests otherwise.

Finally, where the jury returned a verdict of just two years above the minimum, we cannot say that it is unlikely the same punishment would have been assessed absent the misconduct. *See Torres*, 92 S.W.3d at 924 (third *Martinez* factor did not weigh in favor of harm where jury assessed punishment at 30 years, "well

within" range of 5 to 99 years or life for first-degree felony offense). This is particularly the case where defense counsel argued for punishment at the "lower end" of the range. Four years falls well within the "lower end" of two to twenty years.[1]

The trial court did not abuse its discretion by denying a mistrial. Accordingly, we overrule appellant's issue.

### III.   CONCLUSION

We affirm the judgments of the trial court.

/s/     Marc W. Brown
Justice

Panel consists of Justices Christopher, Brown, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] The cases appellant relies on to show egregious error do not support his position because they involved the State's improper argument about punishment ranges for different offenses during the guilt/innocence phase of trial. *See McClure v. State*, 544 S.W.2d 390, 393 (Tex. Crim. App. 1976); *Freeman v. State*, 985 S.W.2d 588, 589 (Tex. App.—Beaumont 1999, pet. ref'd).