**Affirmed and Opinion Filed February 29, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-01099-CR

**SAMUEL ROBERTSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 82nd District Court**
**Robertson County, Texas**
**Trial Court Cause No. 21-11-21505-CR**

## MEMORANDUM OPINION

Before Justices Nowell, Miskel, and Kennedy
Opinion by Justice Nowell

A jury convicted appellant Samuel Robertson of possession of a controlled substance (methamphetamine), four grams or more but less than two hundred grams. He pleaded true to two enhancements, and the jury sentenced him to forty years' imprisonment. On appeal, he argues the trial court erred by denying his motion to suppress the methamphetamine seized during an illegal warrantless arrest and

subsequent search. He also seeks modification of the judgment to delete the premature assessment of time payment fees. We affirm the trial court's judgment.[1]

## Background

Complainant Wendy Elrod testified about her relationship with appellant and the events leading up to appellant's arrest. Appellant and Elrod dated off and on for several years. In April 2021, they had been dating again for approximately six months and were living in appellant's home. On April 24, 2021, Elrod abruptly woke when appellant hit her for no reason. When appellant left the room, Elrod called 9-1-1. Before she could speak with the dispatcher, appellant returned. Elrod hung up and pretended to sleep. Within minutes, officers responded to the disconnected call. Elrod did not tell officers appellant hit her but instead said "something" hit her and it was an accident. She lied because appellant was standing nearby, and she was frightened.

After officers left, appellant became more enraged. Elrod barricaded herself inside the bedroom, but appellant kicked in the door. He lunged at Elrod and began choking her. The assault lasted approximately five minutes before she was able to free herself and call 9-1-1. Appellant left the home before officers arrived a second time. Elrod told officers about the attack and admitted she lied about the first incident because she feared for her life.

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

Officer Kenneth Cook testified he responded to both calls on April 24, 2021. On his second dispatch to the home, Elrod admitted to him that she had previously lied about appellant's actions. She further explained that when officers left after the first dispatch, appellant tore down the bedroom door where she had barricaded herself and appellant "went on from there." Appellant threw things at her and choked her. Officer Cook took pictures documenting the swelling on her cheek. He described the room as "pretty tore up" and "a mess." Officer Cook believed probable cause existed to arrest appellant based on assault family violence.

Cody Rosprin, a senior jailor, also testified. Rosprin searched appellant when he arrived at the jail and found a clear plastic baggy with a white, powdery substance in appellant's left lower leg sock area. Testing confirmed it was methamphetamine.

The jury found appellant guilty of possession of a controlled substance. This appeal followed.

**Motion to Suppress**

After Elrod's testimony, and outside the presence of the jury, the court considered appellant's pretrial motion to suppress. Appellant argued officers lacked probable cause to arrest him without a warrant due to Elrod's prior dishonesty. He maintained officers illegally arrested him, and any evidence obtained from the post-search arrest should be excluded. The trial court denied the motion from the bench and stated, "I believe there was probable cause to make [an] arrest for family violence."

Appellant challenges the denial of his motion to suppress. He asserts the State failed to present evidence of any exigent circumstances to support his warrantless arrest. The State responds it proved a statutory exception for the warrantless search under Texas Code of Criminal Procedure article 14.03(a).

We review a trial judge's ruling on a motion to suppress under a bifurcated standard of review. *Cole v. State*, 490 S.W.3d 918, 922 (Tex. Crim. App. 2016); *Cosino v. State*, 503 S.W.3d 592, 594 (Tex. App.—Waco 2016, pet. ref'd). First, we afford almost total deference to a trial judge's determination of historical facts. *Cole*, 490 S.W.3d at 922. The judge is the sole trier of fact and judge of witnesses' credibility and the weight to be given their testimony. *Id.* When findings of fact are not entered, as here, we view the evidence in the light most favorable to the judge's ruling and assume the judge made implicit findings of fact supporting the ruling. *Id.* Second, we review a judge's application of the law to the facts de novo. *Id.* We will sustain the judge's ruling if the record reasonably supports the ruling and is correct on any theory of law applicable to the case. *Id.*; *Cosino*, 503 S.W.3d at 595.

A warrantless arrest is, pursuant to the Fourth Amendment, unreasonable per se unless the arrest fits into one of a "few specifically defined and well delineated exceptions." *Torres v. State*, 182 S.W.3d 899, 901 (Tex. Crim. App. 2005) (en banc). One exception occurs when a police officer has probable cause to believe a person has "committed an assault resulting in bodily injury to a member of the person's family or household." TEX. CODE CRIM. PROC. ANN. art. 14.03(a)(4); *Dixon*

–4–

*v. State*, No. 10-06-00411-CR, 2008 WL 975062, at *2 (Tex. App.—Waco Apr. 9, 2008, pet. ref'd) (mem. op., not designated for publication); *French v. State*, No. 05-96-01979-CR, 1998 WL 372737, at *2 (Tex. App.—Dallas July 7, 1998, no pet.) (not designated for publication); *Atkins v. State*, 919 S.W.2d 770, 774 (Tex. App.—Houston [14th Dist.] 1996, no pet). Family violence includes acts committed by one member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, or assault. TEX. CODE CRIM. PROC. ANN. art. 5.02; TEX. FAM. CODE ANN. § 71.004(1).

The test for probable cause for a warrantless arrest is whether, at that moment, the facts and circumstances within the officer's knowledge and of which the officer had reasonably trustworthy information were sufficient to warrant a prudent man into believing the person committed an offense. *Dixon*, 2008 WL 975062, at *2. Subsequently discovered facts or later-acquired knowledge, like the fruits of a search, cannot retrospectively serve to bolster probable cause at the time of the arrest. *Atkins*, 919 S.W.2d at 774. Whether probable cause exists is determined by applying the totality of the circumstances test. *Leigh v. State*, No. 10-12-00056-CR, 2013 WL 5777852, at *2 (Tex. App.—Waco Oct. 24, 2013, no pet.) (mem. op., not designated for publication) (citing *Amores v. State*, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991) (en banc)). The State bears the burden to prove the existence of probable cause to justify a warrantless arrest or search. *Atkins*, 919 S.W.2d at 774.

During the suppression hearing, Officer Cook described that when he returned a second time to the home, the room was "pretty tore up" and "a mess," a noticeable difference from the earlier scene. Elrod told him appellant assaulted her by hitting her, throwing things at her, and choking her. He took pictures documenting the swelling on her cheek. Officer Cook believed probable cause existed to arrest appellant based on assault family violence.

Considering the facts and circumstances known to Officer Cook at the time, we conclude he lawfully arrested appellant because he had probable cause to believe appellant had committed an assault resulting in bodily injury to Elrod, a member of the household. TEX. CODE CRIM. PROC. ANN. art. 14.03(a)(4). The statute does not require evidence of any exigent circumstances, and appellant's argument to the contrary is without merit. The warrantless arrest was lawful under article 14.03(a).

Likewise, the search incident to appellant's arrest was lawful. "[S]earches of a person and the area within his immediate control are excepted from the requirement of a warrant when incident to a lawful arrest." *Rogers v. State*, 774 S.W.2d 247, 264 (Tex. Crim. App. 1989) (en banc), *overruled in part on other grounds*, *Peek v. State*, 106 S.W.3d 72, 79 (Tex. Crim. App. 2003). Searches incident to arrest are not limited as a matter of law to those made at the instant a suspect is taken into police custody. *Inestroza v. State*, No. 01-16-00881-CR, 2018 WL 650294, at *5 (Tex. App.—Houston [1st Dist.] Feb. 1, 2018, pet. ref'd) (mem. op., not designated for publication). When taken to a detention facility, and during periods of the detention,

–6–

a suspect may be thoroughly searched without a warrant to make an inventory of his belongings or for security reasons. *Rogers*, 774 S.W.2d at 264.

When appellant arrived at the jail, Rosprin searched him in the "sally port" and found a clear plastic baggy with methamphetamine in his left lower leg sock area. As such, the methamphetamine found on appellant's person was obtained pursuant to a lawful search incident to his arrest. The trial court did not err in denying appellant's motion to suppress. Appellant's first issue is overruled.

**Time Payment Fees**

Appellant next argues the trial court prematurely assessed time payment fees and asks the Court to strike them from the judgment in their entirety. The State agrees. However, neither party identifies which fees or the amount the trial court improperly assessed in the judgment.

Upon review of the clerk's record, we discovered the bill of costs was missing. After ordering and receiving a supplemental clerk's record with the bill of costs, it remained unclear which fees appellant was challenging. We ordered appellant to file a supplemental letter "specifically identifying and explaining the fees he believes should be struck as improper 'time payment' fees" and "provide the explanation of the fee abbreviation and the fee amount associated with it."

On February 5, 2024, appellant's counsel filed a letter stating that after reviewing the supplemental clerk's record, he concedes his "contention of the

assessment of a time payment fee is in error . . . [and] withdraws Issue Two from consideration of the Court." As such, we overrule appellant's second issue as moot.

In the future, we encourage counsel to perform due diligence in obtaining and reviewing the complete record before filing an appeal as to avoid the waste of judicial time and resources at both the district court and appellate court level. We likewise caution the State against blindly conceding to appellant's arguments without doing its own diligent review of the record.

## Conclusion

We affirm the trial court's judgment.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

221099f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

SAMUEL ROBERTSON, Appellant

No. 05-22-01099-CR            V.

THE STATE OF TEXAS, Appellee

On Appeal from the 82nd District Court, Robertson County, Texas
Trial Court Cause No. 21-11-21505-CR.
Opinion delivered by Justice Nowell. Justices Miskel and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 29th day of February, 2024.